ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Jeffrey R. Wright
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 49S04-0706-PC-246

COREY MILLS,

*Appellant (Petitioner below)*,

v.

STATE OF INDIANA,

*Appellee (Respondent below)*.

Appeal from the Marion Superior Court, No. 49G06-0209-PC-206534
The Honorable Jane Magnus-Stinson, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-0512-PC-722

**June 21, 2007**

**Sullivan, Justice.**

While Corey Mills argues correctly that a person convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the person was a "serious violent felon," Mills is not entitled to the post-conviction relief he seeks here. Mills relinquished the right to challenge this aspect of his sentence when he pled guilty.

**Background**

In the fall of 2002, the State filed criminal charges against Corey Mills for (1) carrying a handgun without a license in violation of Ind. Code § 35-47-2-1 & 23 (1998) (the "handgun count"); (2) possession of a firearm by a serious violent felon in violation of Ind. Code § 35-47-4-5 (Supp. 2001) (the "SVF count"); and (3) being an habitual offender pursuant to Ind. Code § 35-50-2-8 (Supp. 2001) (the "habitual offender count").

The handgun count was based on Mills's arrest in June 2002 in possession of an unlicensed handgun. The SVF count, which requires a prior conviction of a serious violent felony,[1] was based on Mills's conviction for voluntary manslaughter in 1995. The habitual offender count, which requires two prior unrelated felony convictions, was based on that same 1995 voluntary manslaughter conviction and on Mills's conviction for robbery in 1989.

In March 2003, Mills and the State entered into a plea agreement with a sentencing cap of 20 years.[2] Mills pled guilty to the SVF and habitual offender counts. The plea agreement also resolved charges pending against Mills in another case. The State dismissed the handgun count.

Before entering into the plea agreement, Mills had asked his attorney whether the law permitted him to be sentenced on the SVF count and then have an additional sentence imposed based on the habitual offender count. Mills's lawyer assured him that sentencing on both the SVF and habitual offender counts was permissible. In point of fact, the Indiana Court of Appeals had held to the contrary two years earlier.[3] After entering into the plea agreement, but before sentencing, Mills sought to withdraw his guilty plea, objecting to the prospect that he would be

---

[1] See I.C. § 35-47-4-5(b) for an articulation of serious violent felonies.

[2] A plea agreement with a sentencing cap is one where the trial court is left with the discretion to decide whether "to impose the maximum sentence allowed by the cap or to impose a lesser sentence." Childress v. State, 848 N.E.2d 1073, 1078 (Ind. 2006).

[3] Conrad v. State, 747 N.E.2d 575 (Ind. Ct. App. 2001), trans. denied, 761 N.E.2d 411 (Ind. 2001) (table). The Court of Appeals subsequently held, in Townsend v. State, 793 N.E.2d 1092 (Ind. Ct. App. 2003), trans. denied, 804 N.E.2d 757 (Ind. 2003) (table), that Conrad's holding in this respect had been superceded by a statutory change in 2001. Conrad and Townsend figure prominently in our discussion infra.

sentenced on both the SVF and habitual offender counts. The court denied Mills's request and sentenced him to 20 years executed time in accordance with the plea agreement—10 years on the SVF count, enhanced by 10 years on the habitual offender count, concurrent with the sentence for the charges in the other case.

Mills did not appeal the denial of his motion to withdraw his guilty plea. Rather, in January 2004, Mills filed a pro se petition for post-conviction relief. The Public Defender of Indiana subsequently filed a written appearance on his behalf. In April 2005, Mills filed an amended petition for post-conviction relief, contending that (1) he had been the victim of ineffective assistance of counsel because he had been improperly advised on the propriety of sentencing on both the SVF and habitual offender counts and that (2) his guilty plea had not been knowing, intelligent, and voluntary for that reason.

In October 2005, the post-conviction court denied Mills relief. The Court of Appeals affirmed. Mills v. State, 855 N.E.2d 296 (Ind. Ct. App. 2006). We grant transfer. Ind. Appellate Rule 59(A).

**Discussion**

**I**

In Conrad v. State, 747 N.E.2d 575 (Ind. Ct. App. 2001), trans. denied, 761 N.E.2d 411 (Ind. 2001) (table), the Court of Appeals was presented with the same question that serves as the basis for Mills's claims: whether a sentence for unlawful possession of a firearm by a serious violent felon could be enhanced under the general habitual offender statute. Conrad held:

> [A] defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a "serious violent felon."

Id. at 595.

In a nutshell, we are asked to decide here whether this holding of <u>Conrad</u> is still good law, notwithstanding a subsequent amendment to the general habitual offender statute, Ind. Code § 35-50-2-8.

This case and <u>Conrad</u> are but two lines in an ongoing dialogue between Indiana's appellate courts and the Legislature on the general question of when a court may impose more severe sentences than would otherwise be the case on criminals because they have proven to be "repeat" or "habitual" offenders. In this regard, we cross-reference <u>State v. Downey</u>, 770 N.E.2d 794 (Ind. 2002), where we reviewed the history of this dialogue and identified the types of statutes implicated by it as "progressive penalty statutes,"[4] "specialized habitual offender statutes,"[5] and the general habitual offender statute. <u>Downey</u> also described cases that had identified circumstances where courts were prohibited from imposing "double enhancements," <u>i.e.</u>, more severe sentences than would otherwise be the case because of the recidivist status of the person being sentenced. <u>Id.</u> at 796-97 (describing <u>Stanek v. State</u>, 603 N.E.2d 152 (Ind. 1992); <u>Freeman v. State</u>, 658 N.E.2d 68 (Ind. 1995); <u>Devore v. State</u>, 657 N.E.2d 740 (Ind. 1995)). Our holdings in those cases were predicated on the general rule that, absent explicit legislative direction, a sentence imposed following conviction under a "progressive penalty statute" may not be increased further under either the general habitual offender statute or a specialized habitual offender statute.

<u>Downey</u> went on to describe how the Legislature modified the specialized habitual offender statute at issue in <u>Freeman</u> and <u>Devore</u> after those cases were decided to direct explicitly that double enhancements were permissible in such situations. <u>Downey</u>, 770 N.E.2d at 797 (citing <u>Haymaker v. State</u>, 667 N.E.2d 1113 (Ind. 1996)).

---

[4] Under a progressive penalty statute, "the seriousness of a particular charge (with a correspondingly more severe sentence) can be elevated if the person charged has previously been convicted of a particular offense." <u>Downey</u>, 770 N.E.2d at 796.

[5] Under a specialized habitual offender statute, "a person convicted of a multiple number of certain closely related offenses can be subjected to an additional term of years beyond that imposed for the offenses." <u>Id.</u> at 795.

Downey also discussed Ross v. State, 729 N.E.2d 113 (Ind. 2000), which presented a penalty regime similar, but not identical, to the one at issue in this case.  The trial court had elevated Ross's conviction for carrying a handgun without a license, a Class A misdemeanor, to a Class C felony under a statute that authorized such an enhancement when an offender had been convicted of another felony within 15 years.  It had then further enhanced his sentence under the general habitual offender statute using the Class C felony as the predicate offense.  We reversed and held that "[t]he trial court should not use an already enhanced handgun conviction as the basis for further enhancement under the general habitual offender statute."  Ross, 729 N.E.2d at 116.

Conrad came after Ross.  As the foregoing discussion makes clear, Conrad was different from Ross in that Conrad involved whether an SVF count could be enhanced using the general habitual offender statute, whereas Ross asked whether an elevated misdemeanor handgun count could be so enhanced.  Judge Barnes, writing for the Court of Appeals, identified this distinction but, in a careful and thorough analysis with which we agree, found it insufficient to warrant a double enhancement.  Here is what Conrad says in this regard:

> In order to be convicted of carrying a handgun without a license, the State need not prove that the perpetrator was [a] felon; a defendant's felon status only serves to enhance the sentence imposed after a conviction has been obtained.  By contrast, one obviously can be convicted of the crime of unlawful possession of a firearm by a serious violent felon only if it is proven the defendant has previously been convicted of a serious violent felony; otherwise, there is no crime.  Therefore, the defendant's serious violent felon status does not serve to "enhance" a sentence in the traditional sense of the word.  As a practical matter, though, the defendant's serious violent status does realistically serve as an "enhancement" in that it increases the potential punishment for "possession of a firearm" from nothing at all to six to twenty years imprisonment and a fine of up to $10,000, the sentencing range for a class B felony.  Ind.Code § 35-50-2-5.  Nor can the serious violent felon statute be considered a "specific" habitual offender or anti-recidivist statute because it does not provide for progressively more severe penalties for repeated infractions of that or other related statutes.  However, after Ross it would appear this is no longer by itself an adequate basis for holding that a defendant's sentence may be enhanced under the general habitual offender statute.
>
> We believe, in light of Ross, that we are faced with an ambiguity in potential punishments as between the specific serious violent felon statute and the general habitual offender statute that must be resolved against the penalty.  Thus, ab-

sent express clarification from our legislature or our supreme court, we believe it would contradict the Rule of Lenity as applied in Ross, and place form over substance, to hold the State may enhance a defendant's sentence for being a serious violent felon in possession of a firearm under the general habitual offender statute by using a conviction that was also used to prove the defendant was a serious violent felon, but that the State may not enhance the sentence of one convicted of carrying a handgun without a license by proof of his or her felony status. We decline to so hold.

Our decision on this issue is also informed by another familiar principle of Indiana jurisprudence when it comes to sentencing. It is well-settled that a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence. See, e.g., Smith v. State, 675 N.E.2d 693, 698 (Ind. 1996). Here, of course, we are not concerned with the use of an "aggravating circumstance" as that phrase is used in Indiana Code Section 35-38-1-7.1. Nevertheless, we cannot ignore the fact that Conrad's 1978 conviction was used both to prove a material element of the crime of unlawful possession of a firearm by a serious violent felon and to support an enhancement of thirty years to Conrad's sentence. Thus, the double use of the 1978 conviction not only conflicts with the Rule of Lenity and Ross, but also with established general principles regarding the enhancement of sentences in Indiana. We, therefore, hold that a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a "serious violent felon."

Conrad, 747 N.E.2d at 594-95 (footnote omitted).

The day before Conrad was decided, and by all indications not in response to it, the Legislature amended the general habitual offender statute by adding the highlighted language set forth below.

(a) ***Except as otherwise provided in this section***, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

*(b)* ***The state may not seek to have a person sentenced as a habitual offender for a felony offense under this section if:***

6

> *(1) the offense is a misdemeanor that is enhanced to a felony in the same proceeding as the habitual offender proceeding solely because the person has a prior unrelated conviction;*
> *(2) the offense is an offense under IC 9-30-10-16 or IC 9-30-10-17 [certain motor vehicle offenses]; or*
> *(3) all of the following apply:*
>
>> *(A) The offense is an offense under IC 16-42-19 [Indiana Legend Drug Act] or IC 35-48-4 [certain controlled substance offenses].*
>> *(B) The offense is not listed in section 2(b)(4) [offenses for which the sentence cannot be suspended below the minimum] of this chapter.*
>> *(C) The total number of unrelated conviction that the person has for:*
>>
>>> *(i) dealing in or selling a legend drug under IC 16-42-19-27;*
>>> *(ii) dealing in cocaine or a narcotic drug (IC 35-48-4-3)[6];*
>>> *(iii) dealing in a schedule I, II, III controlled substance (IC 35-48-4-2)*
>>> *(iv) dealing in a schedule IV controlled substance (IC 35-48-4-3); and*
>>> *(v) dealing in a schedule V controlled substance (IC 35-48-4-4); does not exceed one (1).*

I.C. § 35-50-2-8(a) & (b) (Supp. 2001).


Enactment of this statute was a most interesting development. Whereas, as discussed supra, the Legislature had responded to Freeman and Devore in 1996 by amending the specialized habitual offender statute at issue in those cases to direct explicitly that double enhancements were permissible in such situations, this 2001 amendment codified in subsection (b)(1) Ross's holding that double enhancements were not permitted in its circumstances—and went on to prohibit using the general habitual offender statute to enhance further the sentences imposed for a plethora of motor vehicle and drug-related felonies. Thus, the dialogue between the courts and the Legislature on the permissibility of recidivist enhancements has included situations where the Legislature has responded to our decisions both by authorizing double enhancements and by prohibiting them. Most significant, we think, is that both the courts and the Legislature seem to be operating in this arena according to the same general rule that, to repeat, absent explicit legis-

---

[6] Subsequently, in 2005, the Legislature amended this subsection to read: "(ii) dealing in cocaine or a narcotic drug (IC 35-48-4-1)." I.C. § 35-48-2-8(b)(3)(C)(ii) (Supp. 2006).

lative direction, a sentence imposed following conviction under a "progressive penalty statute" may not be increased further under either the general habitual offender statute or a specialized habitual offender statute.

After the 2001 amendment was adopted, the Court of Appeals was again asked whether a sentence imposed on an SVF count could be further enhanced under the general habitual offender statute where the same felony used to establish that the defendant was a serious violent felon was also one of the predicate offenses for the habitual offender count. In examining the 2001 amendment (set forth above), it found significant the introductory phrase: "[e]xcept as otherwise provided in this section." Because the SVF situation presented in Conrad was not enumerated in subsection (b), it concluded that the Legislature intended that double enhancements be available in such circumstances. Townsend v. State, 793 N.E.2d 1092 (Ind. Ct. App. 2003), trans. denied, 804 N.E.2d 757 (Ind. 2003) (table). As such, Townsend held that Conrad's holding had been superseded by the 2001 amendment. The Court of Appeals followed Townsend in this case. Mills, 855 N.E.2d at 301 (Barnes, J.).

We are of the view that the language in the 2001 amendment relied upon by the Court of Appeals did not provide sufficiently explicit legislative direction to overcome the general rule against double enhancements "absent explicit legislative direction." It is clear that what the Legislature intended in the 2001 amendment was to prohibit double enhancements in specific situations (including the Ross situation). While it is fair to argue that the Legislature could have accomplished this by adding the language in subsection (b) without also inserting the "except as otherwise provided in this section" language of subsection (a), the language does not, by its terms, foreclose judicial application of the longstanding rule against double enhancements. We conclude that the "except as otherwise provided" language signals the Legislature's intent to create exceptions to the statutory rule of subsection (a) but does not preclude continued judicial application of the general rule against double enhancements absent explicit legislative direction.

Here, Mills was charged under the handgun count with a Class A misdemeanor for carrying a handgun without a license. He was also charged under the SVF count with a Class B felony conviction for knowingly or intentionally possessing that handgun after having been con-

victed of a serious violent felony (the 1995 Voluntary Manslaughter conviction referred to above). And he was charged as an habitual offender on the basis of the SVF count, the 1995 Voluntary Manslaughter conviction, and the 1989 Robbery conviction referred to above. Had this sentence been imposed following a trial, it would have been improper because, in accord with Conrad, a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a "serious violent felon."

## II

Our conclusion in part I does not by itself entitle Mills to relief.

Indiana Code § 35-35-1-4 permits an individual to move to withdraw a guilty plea before sentencing. If a motion to withdraw a guilty plea is denied and the individual wishes to contest the trial court's decision, a direct appeal is the proper appellate procedure. Brightman v. State, 758 N.E.2d 41, 44 (Ind. 2001). If the individual fails to raise the issue on direct appeal, it is waived and may not be raised in a Post-Conviction Rule 1 proceeding. See Collins v. State, 817 N.E.2d 230, 232 (Ind. 2004) ("It is . . . well-settled that, because a post-conviction relief proceeding is not a substitute for direct appeal but rather a process for raising issues unknown or not available at trial, an issue known and available but not raised on direct appeal may not be raised in post-conviction proceedings.").

In this case, Mills independently and through counsel moved to withdraw his guilty plea prior to sentencing. The trial court heard evidence on the motion, reviewed the claim, and rejected it. The basis for the motion was the same basis as in the instant ineffective assistance of counsel claim and the claim that Mills did not knowingly, intelligently, or voluntarily enter into the plea agreement: that a sentence for unlawful possession of a firearm by a serious violent felon cannot be further enhanced under the habitual offender statute.

Mills could have directly appealed the denial of his motion to withdraw his guilty plea. Mills cannot now use Post-Conviction Rule 1 proceedings to raise a claim that should have been

appealed directly. Nor, because the double enhancement was imposed pursuant to a plea agreement, would such a claim have been successful. As we said most recently in Lee v. State, "[d]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." 816 N.E.2d 35, 40 (Ind. 2004) (quoting Davis v. State, 771 N.E.2d 647, 649 n.4 (Ind. 2002)). Among the favorable outcomes Mills achieved were resolution of other charges pending against him and a sentence on those charges concurrent with that on the charges discussed in this opinion. Mills relinquished the right to challenge his sentence as an impermissible double enhancement when he pled guilty.

## Conclusion

By granting transfer, we have vacated the opinion of the Court of Appeals. We affirm the judgment of the post-conviction court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.