**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 29 2012, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ANTHONY TAYLOR**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY TAYLOR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1108-PC-752 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No.  49G05-0608-PC-146891

**February 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Anthony Taylor appeals from the post-conviction court's order denying his petition for post-conviction relief.

We reverse and remand.

## ISSUE

Whether the post-conviction court erred by denying Taylor's petition for post-conviction relief.

## FACTS

In 2006, police stopped Taylor for speeding and found, among other things, that he had a handgun in his car and was wearing body armor. The State charged Taylor with various offenses, including class B felony unlawful possession of a firearm by a serious violent felon and class D felony unlawful use of body armor. Specifically, the State alleged:

> COUNT I
> [Taylor], being a serious violent felon, that is: having been convicted of Rape, a class B felony . . . on March 13, 1991, did, on or about August 8, 2006, knowingly or intentionally possess a firearm, that is: a handgun[.]

> COUNT II
> [Taylor], on or about August 8, 2006, did knowingly or intentionally use body armor while committing a felony, that is: Unlawfully Possessing a Firearm as a Serious Violent Felon.

*Taylor v. State*, 49A04-0705-CR-283, slip op. at 1 (Ind. Ct. App. Dec. 27, 2007). The State also alleged that Taylor was an habitual offender based upon the same 1991 rape conviction used in his serious violent felon charge and upon a 1989 carrying a handgun without a license conviction.

2

In 2007, following a bench trial, the trial court found Taylor guilty of unlawful possession of a firearm by a serious violent felon ("SVF conviction") and unlawful use of body armor ("body armor conviction"). The trial court also determined that Taylor was an habitual offender. The trial court sentenced Taylor to fifteen years on his SVF conviction enhanced by twenty years for his habitual offender determination and to a concurrent term of three years on his body armor conviction. Thus, the trial court ordered Taylor to serve an aggregate sentence of thirty-five years in the Department of Correction.

On direct appeal, Taylor challenged his habitual offender finding and the enhancement of his SVF conviction, arguing that the trial court erred by ordering an enhanced sentence where the same underlying felony was used to support his SVF conviction and his status as an habitual offender. *See Taylor v. State*, 49A04-0705-CR-283 (Ind. Ct. App. Dec. 27, 2007). The State conceded that, based upon the Indiana Supreme Court's holding in *Mills v. State*, 868 N.E.2d 446 (Ind. 2007), the trial court had erred and that Taylor's habitual offender enhancement should be vacated. *See id.*, slip op. at 1. We reversed the trial court and remanded with instructions for the trial court to vacate Taylor's habitual offender enhancement. *Id.*, slip op. at 2. Thereafter, the trial court vacated Taylor's habitual offender enhancement, leaving the fifteen-year sentence on Taylor's SVF conviction and the concurrent three-year term on the body armor conviction unchanged.

In 2008, Taylor, pro se, filed a petition for post-conviction relief, which he amended in 2009. In his amended petition, Taylor alleged, among other things, that his

trial counsel and appellate counsel were ineffective for failing to raise a double jeopardy argument that his SVF and body armor convictions and sentences were entered in violation of the Indiana Double Jeopardy Clause.

The post-conviction court held a hearing on August 26, 2009. On February 4, 2010, the post-conviction court issued an order denying post-conviction relief to Taylor. When addressing Taylor's ineffective assistance of trial and appellate counsel claims based on counsels' failure to raise a double jeopardy argument at trial and on appeal, the post-conviction court acknowledged that a double jeopardy objection or argument would have been successful at trial and on appeal, but it concluded that, ultimately, Taylor was not prejudiced because his sentences were ordered to be served concurrently.

On January 10, 2011, this court ordered the post-conviction court to allow Taylor to file a notice of appeal to appeal the denial of his petition for post-conviction relief. *See Taylor v. State*, 939 N.E.2d 1132, 1137-38 (Ind. Ct. App. 2011) (concluding that—because Taylor had demonstrated he was entitled to relief under Indiana Trial Rule 72(E) due to some procedural irregularities with the post-conviction court's notice to Taylor of the post-conviction judgment and pursuant to the court's inherent power to grant equitable relief—Taylor was entitled to appeal the post-conviction order). Taylor now appeals.

### DECISION

Taylor appeals from the post-conviction court's order denying post-conviction relief, and our standard of review in post-conviction proceedings is well settled.

We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (case citations omitted), *trans. denied.*

Taylor argues that his trial counsel was ineffective for failing to object that his SVF and body armor convictions and sentences were prohibited by double jeopardy principles. Specifically, Taylor claims that his convictions constitute double jeopardy because there is a reasonable possibility that the same evidentiary facts were used to establish the essential elements of his SVF offense and body armor offense.[1]

A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant so much that "'there is a reasonable probability that, but for

---

[1] Taylor also argues that his appellate counsel was ineffective for failing to raise a double jeopardy argument in relation to his SVF and body armor convictions and sentences and that his trial counsel was ineffective for failing to request a trifurcated proceeding on the body armor charge and for failing to seek dismissal of his body armor charge. Because we find that Taylor is entitled to post-conviction relief on his claim of ineffective assistance of trial counsel for failing to raise a double jeopardy argument and we remand for the trial court to vacate his body armor conviction and sentence, we need not review these other post-conviction claims relating to his body armor conviction.

counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), *reh'g denied*, *cert. denied*. "In order to prove ineffective assistance of counsel due to the failure to object, a defendant must prove that an objection would have been sustained if made and that he was prejudiced by the failure." *Wrinkles v. State*, 749 N.E.2d 1179, 1192 (Ind. 2001), *cert. denied*.

Turning to Taylor's argument that trial counsel was ineffective for failing to make a double jeopardy objection, we note that the Indiana Double Jeopardy Clause provides, in relevant part, that "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14. "Indiana's Double Jeopardy Clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). Consequently, two or more offenses are the "same offense" and violate the state double jeopardy clause if, "with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id.*

Taylor contends that the Double Jeopardy Clause was violated under the actual evidence test. The Double Jeopardy Clause is violated under the actual evidence test if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id*. at 53. Our supreme court explained that "under the *Richardson* actual evidence test, the Indiana Double Jeopardy

6

Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Guyton v. State*, 771 N.E.2d 1141, 1142 (Ind. 2002) (quoting *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002)). In applying the actual evidence test, this court must identify the essential elements of each offense and evaluate the evidence from the trier of fact's perspective. *Spivey*, 761 N.E.2d at 832.

Here, the State charged Taylor with unlawful possession of handgun by a SVF, which required the State to show beyond a reasonable doubt that Taylor was a SVF because he was convicted of rape on March 13, 1991 and that he knowingly or intentionally possessed a handgun. Under the unlawful use of body armor charge, the State was required to prove beyond a reasonable doubt that Taylor knowingly or intentionally used body armor while committing a felony, specifically the felony of unlawful possession of a handgun by a SVF.

The State acknowledges that Taylor's SVF offense and body armor offense were "inextricably intertwined" and concedes that the same evidence was used to prove both Taylor's body armor and SVF offenses.[2] State's Br. at 10. Indeed, even the post-conviction court recognized that a double jeopardy objection would have been granted and that a judgment of conviction would not have been entered on the body armor

---

[2] In addition to the State's acknowledgment that a double jeopardy violation could be found under the actual evidence test, we also conclude that such a violation would also exist under the statutory elements test because each offense did not contain at least one element separate and distinct from the other offense so that the same evidence would not be necessary to convict for both offenses. *See Richardson*, 717 N.E.2d at 52. Specifically, the SVF offense did not contain a statutory element that was separate and distinct from the body armor offense. Indeed, the body armor offense could only be established by the same evidence used to establish the essential elements of the SVF offense.

offense. However, unlike the post-conviction court that concluded that Taylor was not prejudiced by counsel's failure to raise a double jeopardy objection to the body armor conviction and sentence because Taylor received concurrent sentences, the State correctly recognizes that Taylor was prejudiced by the entry of a judgment of conviction and sentence upon his body armor offense where it would have been otherwise vacated. *See Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008), ("A double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the 'practical effect' of concurrent sentences[.]"), *trans. denied*. The State further properly concedes that the proper remedy for such a double jeopardy violation would be to vacate the body armor conviction while leaving the SVF conviction undisturbed. *See Richardson*, 717 N.E.2d at 54-55 (explaining that where two convictions are determined to violate double jeopardy principles and where neither conviction can be reduced to a less serious form of the same offense to eliminate the violation, then the conviction "with the less severe penal consequences" must be vacated).

Because Taylor's SVF and body armor offenses violate the prohibition against double jeopardy and because Taylor received a judgment and sentence on his body armor conviction that would have been prohibited by double jeopardy principles, we conclude that the post-conviction court erred by denying Taylor post-conviction relief on his claim of ineffective assistance of trial counsel due to counsel's failure to raise a double jeopardy objection. Accordingly, we reverse the post-conviction court and remand with instructions to grant Taylor post-conviction relief and to vacate Taylor's conviction and sentence for unlawful use of body armor.

8

Reversed and remanded.

BAKER, J., and BAILEY, J., concur.