SULLIVAN, Justice.
Anthony Dye was convicted of unlawful possession of a firearm by a serious violent felon (“SVF”) and found to be a habitual offender. We hold that this constituted an impermissible double enhancement and therefore vacate the habitual-offender enhancement. We affirm his conviction of unlawful possession of a firearm by an SVF and his sentence for that offense.
Background
Anthony H. Dye’s conviction in the present case arose out of the same underlying facts as Coleman v. State, 946 N.E.2d 1160 (Ind.2011). On March 18, 2007, Dye received a frantic phone call from his 20-year-old son, Jermaine Jackson, indicating that a person who allegedly had robbed Dye several months beforehand was at Tyrus Coleman’s music studio. Dye headed toward Coleman’s music studio armed with a 9mm Glock pistol he apparently had obtained after being robbed. Meanwhile, tensions escalated at the studio when Jermaine, who was armed, attempted to force his way into the studio; Coleman armed himself and began pacing in front of his studio after his efforts at calming Jermaine failed. A few minutes later, Dye entered Coleman’s yard with his pistol at his side and walked over to where Jermaine and Coleman were standing. As Dye approached, Coleman shot him twice. At that point, Jermaine pointed his handgun at Coleman, and when Coleman turned and saw this he shot Jermaine. Dye survived his injuries; Jermaine did not.
On May 1, 2007, the State charged Dye in Elkhart Superior Court with one count of unlawful possession of a firearm by a serious violent felon (“SVF”),[1] Ind.Code § 35-47-4-5(c) (2008). The SVF statute makes it a Class B felony for a person who previously has been convicted of an enumerated “serious violent felony” to possess a firearm. Id. § 35-47-4-5(b) & (c). To prove Dye’s SVF status, the State used a 1998 conviction for attempted battery with a deadly weapon. See id. § 35-474-5(a)(2) & (b)(4)(C). The State also sought to have Dye’s sentence enhanced under the habitual offender statute, which provides that the sentence of a person convicted of a felony can be enhanced by up to 30 years if he or she previously has been *856 convicted of two unrelated felonies. Id. § 35-50-2-8. And to prove Dye’s habitual-offender status, the State used a 1998 conviction for possession of a handgun within 1,000 feet of a school and a 1993 conviction for forgery. See id. § 35-50-2-8(c).
Dye pled guilty to unlawful possession of a firearm by an SVF. At the same time, he filed a motion to dismiss the habitual-offender allegation, contending that enhancing his sentence under the habitual offender statute would constitute an impermissible “double enhancement.” The trial court denied the motion and scheduled a jury trial on the habitual-offender allegation.
On October 5, 2010, Dye’s two-day jury trial commenced. During voir dire, Dye raised an objection under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the State’s peremptory strike of a prospective juror, which the trial court denied. Later, the trial court denied Dye’s motion for a mistrial, which he had requested after certain evidence had been presented. The jury found that Dye was a habitual offender. The trial court sentenced him to the maximum 20 years’ imprisonment on the SVF conviction, enhanced by 30 years due to his status as a habitual offender. The court suspended 15 years to probation, for an executed term of 35 years.
Dye raised four issues on appeal, all of which were rejected by the Court of Appeals in a 2-1 opinion. Dye v. State, 956 N.E.2d 1165 (Ind.Ct.App.2011). First, the court held that the double enhancement was permissible. Id. at 1169-70. Second, it rejected Dye’s Batson challenge on grounds that he had not made a prima facie showing of discrimination and, in any event, that the State had offered a sufficient race-neutral reason. Id. at 1170-71. Third, it held that he had waived review of his claim that the trial court erred in denying his motion for a mistrial. Id. at 1171-72. Lastly, the court held that Dye’s 50-year sentence with 15 years suspended was appropriate. Id. at 1172-73. Judge May dissented, agreeing with Dye that he had been subject to an impermissible double enhancement. Id. at 1173-76 (May, J., dissenting).
Dye sought, and we granted, transfer, Dye v. State, 963 N.E.2d 1115 (Ind.2012) (table), thereby vacating the opinion of the Court of Appeals, Ind. Appellate Rule 58(A).
Discussion
I
Dye maintains that tacking the habitual-offender enhancement on to the sentence for unlawful possession of a firearm by an SVF constitutes an impermissible double enhancement. This case is yet another chapter in the ongoing dialogue among this Court, the Court of Appeals, and the Legislature concerning multiple sentencing enhancements for recidivist offenders. A brief review of this dialogue is helpful in resolving Dye’s claim.
It has long been established that double enhancements are not permissible unless there is explicit legislative direction authorizing them. E.g., Beldon v. State, 926 N.E.2d 480, 483-84 (Ind.2010); Breaston v. State, 907 N.E.2d 992, 995 (Ind.2009); Mills v. State, 868 N.E.2d 446, 449 (Ind.2007); State v. Downey, 770 N.E.2d 794, 796 (Ind.2002); Ross v. State, 729 N.E.2d 113, 116-17 (Ind.2000), adopted by statute, Pub. L. No. 166-2001, § 3, 2001 Ind. Acts 1074, 1077 (codified as amended at Ind.Code § 35-50-2-8(b)(l) (2008)); Freeman v. State, 658 N.E.2d 68, 70-71 (Ind.1995), superseded, Pub. L. No. 96-1996, § 8, 1996 Ind. Acts 1725, 1731 (codified as amended at Ind.Code § 35-50-2-10 (2008)); Devore v. State, 657 N.E.2d 740, *857 742 (Ind.1995), superseded, Pub. L. No. 96-1996, § 8, 1996 Ind. Acts 1725, 1731 (codified as amended at Ind.Code § 35-50-2-10 (2008)); Stanek v. State, 603 N.E.2d 152, 153-54 (Ind.1992). But double enhancements are permissible when there is explicit legislative direction authorizing them. See, e.g., Beldon, 926 N.E.2d at 483-84; Downey, 770 N.E.2d at 798. Whether a particular double enhancement is permissible, therefore, is a matter of statutory interpretation. E.g., Nicoson v. State, 938 N.E.2d 660, 663 (Ind.2010).
There are three types of statutes authorizing enhanced sentences for recidivist offenders: the general habitual offender statute, specialized habitual offender statutes, and progressive-penalty statutes. Downey, 770 N.E.2d at 795-96. The general habitual offender statute, Ind.Code § 35-50-2-8 (2008), authorizes a sentencing enhancement of up to 30 years where the defendant has been convicted of three “unrelated” felonies. Downey, 770 N.E.2d at 795. Specialized habitual offender statutes authorize sentencing enhancements where the defendant has been convicted of a certain number of similar offenses. Id. at 795-96; see, e.g., Ind.Code § 35-50-2-10 (2008) (habitual substance offenders); id. § 35-50-2-14 (repeat sex offenders); Ind.Code § 9-30-10^1 (2010) (habitual traffic violators). And progressive-penalty statutes, which are the most specialized, elevate the level of an offense (with a correspondingly enhanced sentence) where the defendant previously has been convicted of a particular offense. Downey, 770 N.E.2d at 796; see, e.g., Ind.Code § 35-48-4-11 (2008) (misdemeanor possession of marijuana elevated to felony if defendant has prior marijuana conviction); id. § 35-47-2-23(c)(2) (misdemeanor carrying handgun without a license elevated to felony if defendant has specific prior convictions); Ind.Code §§ 9-30-10-16 & -17 (2010) (Class D felony driving while privileges are suspended elevated to Class C felony if defendant has prior conviction for driving while suspended); id. §§ 9-30-5-2 & -3 (misdemeanor OWI elevated to felony if defendant has prior OWI conviction). Double-enhancement issues arise where more than one of these statutes is applied to the defendant at the same time. See, e.g., Downey, 770 N.E.2d at 795-98.
The general rule is that, “absent explicit legislative direction, a sentence imposed following conviction under a progressive penalty statute may not be increased further under either the general habitual offender statute or a specialized habitual offender statute.” Id. at 796 (emphasis in original). Compare Ross, 729 N.E.2d at 115-17 (holding that defendant’s sentence for carrying a handgun without a license could not be enhanced under the general habitual offender statute because the conviction had already been elevated from a misdemeanor to a felony on the basis of defendant’s prior conviction), with Beldon, 926 N.E.2d at 483-84 (holding that defendant’s conviction for felony OWI, which was elevated to a felony due to a prior OWI conviction, could be further enhanced under the habitual substance offender statute because that statute included the requisite explicit legislative direction). Similarly, a conviction under a specialized habitual offender statute cannot be further enhanced under the general habitual offender statute in the absence of explicit legislative direction. See Stanek, 603 N.E.2d at 153-54 (holding that defendant’s sentence for operating a vehicle after privileges had been suspended for life could not have his sentence enhanced under the general habitual offender statute because his conviction had already been enhanced to a felony on the basis of his prior driving-while-suspended convictions).
*858 In applying the general rule against double enhancements, we look first to determine whether the defendant’s underlying conviction is pursuant to a progressive-penalty scheme or a specialized habitual-offender scheme. E.g., Ross, 729 N.E.2d at 116; Stcmek, 603 N.E.2d at 153-54. If not, then there is no double-enhancement problem. Haymaker v. State, 667 N.E.2d 1113, 1115 (Ind.1996). But if so, then the general rule against double enhancements is triggered and we will invalidate a double enhancement unless the language of the relevant statute possesses the requisite “explicit legislative direction” to impose a double enhancement. Beldon, 926 N.E.2d at 483-84; Downey, 770 N.E.2d at 798; Ross, 729 N.E.2d at 116; Stanek, 603 N.E.2d at 153-54.
Applying this analysis here, Dye’s habitual-offender enhancement violated the rule against double enhancements. First, the SVF statute under which Dye was convicted is a progressive-penalty statute. Mills, 868 N.E.2d at 449[2]; Conrad v. State, 747 N.E.2d 575, 594 (Ind.Ct.App.2001), trans. denied; see also Beldon, 926 N.E.2d at 483 (“In Mills, the initial charge had been elevated using a progressive penalty statute.” (citation omitted)).
Second, the general habitual offender statute does not include explicit legislative direction indicating that a double enhancement is proper here. Mills held that the general rule against double enhancements remains intact and that a double enhancement is improper where the underlying conviction is for unlawful possession of a firearm by an SVF. 868 N.E.2d at 452; see also Beldon, 926 N.E.2d at 484 (“Mills made clear that ‘the general rule against double enhancements “absent explicit legislative direction” ’ remains intact. As the Legislature had provided no such direction to the contrary, the underlying elevated conviction in that case could not be further enhanced by the general habitual offender statute.” (internal citation omitted)).
We conclude that the trial court erred in denying Dye’s motion to dismiss the habitual-offender allegation. We thus vacate the 30-year enhancement that the trial court imposed under the general habitual offender statute.
II
Dye also claims that the trial court erred in denying his Batson challenge. But, because he pled guilty to unlawful possession of a firearm by an SVF and because the only issue tried to the jury was the habitual-offender allegation, our conclusion that he was subject to an impermissible double enhancement renders his Batson claim moot. Similarly, his claim that the trial court erred in denying his motion for a mistrial is also moot. The opinion of the Court of Appeals on these issues is vacated. App. R. 58(A).
III
Not content with having his sentence reduced by 30 years, Dye contends that the statutory maximum 20-year sentence that the trial court imposed for his underlying conviction is inappropriate. The Court of Appeals held that Dye’s original sentence of 35 years executed with 15 years of probation was appropriate in light of the nature of the crime and Dye’s character. Dye, 956 N.E.2d at 1172-73. We *859 summarily affirm the decision of the Court of Appeals insofar as it holds that an executed term of 20 years’ imprisonment is appropriate. App. R. 58(A)(2).
Conclusion
We vacate Dye’s habitual-offender enhancement. We also summarily affirm the decision of the Court of Appeals that an executed term of 20 years’ imprisonment is not inappropriate. We remand to the trial court with instructions to enter an order sentencing Dye to an executed term of 20 years.
RUCKER and DAVID, JJ., concur.

. Tyrus Coleman was acquitted of murder with respect to Jermaine Jackson, and, after a second trial, we affirmed his conviction for attempted murder with respect to Dye. Coleman, 946 N.E.2d at 1163-64, 1171.

. While Mills analyzes in some detail the predicate offenses supporting the defendant’s statuses as an SVF and a habitual offender, 868 N.E.2d at 450, 452, that analysis was unnecessary. The holdings in Mills that the general rule against double enhancements remains intact, id. at 452, and that a sentence under the SVF statute (a progressive-penalty statute) could not be further enhanced under the general habitual offender statute, id. at 449-50, 452, were sufficient to dispose of the claims in that case.