# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED

Apr 08 2013, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRYL SHEPHERD, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No. 49A05-1111-CR-600 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-0911-MR-97663

**April 8, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**NAJAM, Judge**

On July 3, 2012, we affirmed Shepherd's conviction for unlawful possession of a firearm by a serious violent felon ("SVF") and his sentence as an habitual offender in a memorandum decision. On July 31, 2012, the Indiana Supreme Court, in Dye v. State, held that an SVF cannot have his sentence enhanced under the general habitual offender statute. Dye v. State, 972 N.E.2d 853, 855, 858 (Ind. 2012). On August 2, 2012, Shepherd filed a petition for rehearing in which he asserted, among other things,[1] that the holding in Dye applied retroactively to his appeal. On August 17, 2012, the State filed its response to Shepherd's petition, asking that we hold his petition in abeyance while the State sought rehearing in Dye.

On March 21, 2013, the Indiana Supreme Court issued its opinion on rehearing in Dye. In its opinion on rehearing, the court clarified that its earlier holding was not intended to break new ground but, rather, was simply an application of the law announced in Mills v. State, 868 N.E.2d 446 (Ind. 2007). Dye v. State, ___ N.E.2d ___, slip op. at 3-4 (Ind. Mar. 21, 2013) (opinion on rehearing). Specifically, the court clarified that an SVF conviction enhanced by an habitual offender adjudication is impermissible only when the same underlying offense, or an underlying offense within the res gestae of another underlying offense, is used to establish both the SVF status and the habitual offender status. Id. at 5-6.

Mills is established law and was available to Shepherd at the time he filed his initial brief on direct appeal, but Shepherd did not argue that Mills or related law applied

---

[1] Shepherd's other arguments in his petition for rehearing are without merit, and we do not consider them.

in his appeal. "[I]t is well established that 'any question not argued on appeal cannot be raised for the first time in a petition for rehearing.'" Carey v. Haddock, 881 N.E.2d 1050, 1050 (Ind. Ct. App. 2008) (quoting Brockman Enters. LLC v. City of New Haven, 868 N.E.2d 1130, 1132 (Ind. Ct. App. 2007), trans. denied), trans. denied. Shepherd's argument in his petition on rehearing that Mills or related law should be applied to him is waived.

Shepherd's waiver notwithstanding, our review of the record available on direct appeal demonstrates that his SVF status was based on a 1993 conviction for dealing in cocaine, as a Class B felony, while his habitual offender enhancement was based on a 1991 Class C felony conviction for battery and a 2008 Class D felony conviction for intimidation. There is no reason for this court to believe that any one of those three underlying felonies is in any way related to another.

Accordingly, we grant Shepherd's petition for rehearing and affirm our prior decision.

RILEY, J., and DARDEN, Sr.J., concur.