## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2015, 7:37 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Daniel J. Vanderpool<br>Vanderpool Law Firm, PC<br>Warsaw, Indiana | Gregory Zoeller<br>Attorney General of Indiana<br><br>J.T. Whitehead<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Joel Frazier,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 20, 2015

Court of Appeals Case No. 85A05-1408-CR-383

Appeal from the Wabash Circuit Court
The Honorable Robert R. McCallen, III, Judge
Cause No. 85C01-1402-FC-108

**Bradford, Judge.**

# Case Summary

[1] In 2001, Appellant-Defendant Joel Frazier was convicted of Class C Felony child molesting. Frazier was released from incarceration in 2003 and,

according to statute, was required to register as a sex offender for ten years. Frazier was incarcerated for much of the following ten years and, during these periods of incarceration, the ten-year sexual offender registration period was suspended. In 2010, Frazier was convicted of Class D felony failure to register as a sex offender. In July of 2014, Frazier was again convicted for failing to register. His 2014 conviction was enhanced to a Class C felony pursuant to statute based on his prior failure to register. The trial court sentenced Frazier to eight years for the failure to register conviction and an additional ten years for being a habitual offender. On appeal, Frazier argues that (1) the tolling provision in the sexual offender registry statute is ambiguous and that he was no longer required to register after 2013, and (2) that the trial court improperly applied a double enhancement to his sentence. We affirm Frazier's conviction but reverse the trial court's sentence.

# Facts and Procedural History

[2] On December 31, 2001, Frazier pled guilty to Class C felony child molesting and was subsequently sentenced to a four-year term to be executed in its entirety. On December 4, 2003, Frazier was released from incarceration and registered as a sex offender pursuant to Indiana Code chapter 11-8-8. Frazier spent the subsequent eleven years in and out of incarceration for various crimes.

[3] Frazier was arrested on March 8, 2004 for theft, to which he pled guilty and spent a total of 351 days incarcerated. Following a February 28, 2007 conviction for driving while suspended, Frazier served twenty-four days in the

Wabash County Jail for violating home detention. On June 21, 2007, Frazier violated probation and served forty-nine days. Following two criminal cases in 2008, Frazier was incarcerated from January 28, 2008, until February 9, 2010. On April 21, 2010, Frazier's sex-offender registration mail was returned, and, on June 11, 2010, Frazier was charged with failure to register as a sex offender. Frazier pled guilty to the charge and was sentenced to five years with one year suspended to probation.

On January 16, 2014, Frazier was released from incarceration and reported to Tammi Monce, the local sex offender registry coordinator. Following his release, Frazier was temporarily staying at the Knights Inn while looking for a permanent residence. Monce informed Frazier that he was required report to her every seven days and that he must inform her when he found a new residence in order to update his registration information. Frazier checked out of the Knights Inn on January 25, 2014 but did not report the change to Monce, nor did he report to Monce on January 27, 2014, as he had been previously instructed. Frazier called Monce on January 29, 2014, informed her that he would be leaving the Knights Inn, and made an appointment to meet with her the following day. Monce was led to believe that Frazier was still residing at the Knights Inn but later found out he had checked out on January 25, 2014 after contacting the hotel. Frazier testified that he was homeless and living under a bridge from January 25 to January 29, 2014. Monce informed Frazier that he was violating his reporting requirements by failing to provide an address for the registry and gave him until 5:00 p.m. on January 30, 2014 to provide her

with updated address information. Frazier never provided an address, made no subsequent attempts to contact Monce, and had no further contact with Monce.

[5] Frazier testified that he spent the following month "hiding out" in Fort Wayne until he was arrested on February 23, 2014 for failure to register as a sex offender. Tr. p. 116. On July 2, 2014, a jury found Frazier guilty of Class D felony failure to register as a sex offender. The conviction was enhanced to a Class C felony because Frazier had a prior conviction for failure to register as a sex offender. The trial court sentenced Frazier to eight years for the conviction and an additional ten years as a habitual offender enhancement.

# Discussion and Decision

[6] Frazier raises two issues on appeal: (1) whether the tolling provisions of the sexual offender registration statute are ambiguous; and (2) whether the trial court's sentence amounted to an impermissible double enhancement.

# I. Standard of Review

[7] We review matters of statutory interpretation de novo because they present questions of law. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010).

> Our primary goal in interpreting statutes is to determine and give effect to the Legislature's intent. The best evidence of that intent is a statute's text. The first step is therefore to decide whether the Legislature has spoken clearly and unambiguously on the point in question. When a statute is clear and unambiguous, we must apply the plain and ordinary meaning of the language. There is no need to resort to any other rules of statutory construction.

*Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012) (citations omitted). A statute is ambiguous when it is susceptible to more than one reasonable interpretation. *Id*. "Whether a particular double enhancement is permissible…is a matter of statutory interpretation." *Dye v. State*, 972 N.E.2d 853, 857 (Ind. 2012) *aff'd on reh'g*, 984 N.E.2d 625 (Ind. 2013).

## II. Sex Offender Registration Period

[8] Indiana Code section 11-8-8-19 provides the time period in which sex offenders are required to register in the sex offender registry.

> (a) Except as provided in subsections (b) through (e), a sex or violent offender is required to register under this chapter until the expiration of ten (10) years after the date the sex or violent offender:
>
>> (1) is released from a penal facility (as defined in [Indiana Code section] 35-31.5-2-232) or a secure juvenile detention facility of a state or another jurisdiction;
>>
>> (2) is placed in a community transition program;
>>
>> (3) is placed in a community corrections program;
>>
>> (4) is placed on parole; or
>>
>> (5) is placed on probation;
>
> for the sex or violent offense requiring registration, whichever occurs last. *The registration period is tolled during any period that the sex or violent offender is incarcerated*. The registration period does not restart if the offender is convicted of a subsequent offense. However, if the subsequent offense is a sex or violent offense, a new registration period may be imposed in accordance with this chapter.

Ind. Code § 11-8-8-19 (emphasis added).

[9] Frazier urges us to find that Section 11-8-8-19 is ambiguous and, therefore, that the rule of lenity would apply. Specifically, Frazier argues that the tolling

section is ambiguous because it tolls the registration period during "any period that the sex or violent offender is incarcerated." Ind. Code § 11-8-8-19. He argues that this could refer either to "any further periods of incarceration for the original offense," or incarceration for any subsequent offense. Appellant's Br. p. 14. We think there is only one reasonable interpretation of the statute and, therefore, that it is unambiguous.

[10] "To effectuate legislative intent, we read the sections of an act together in order that no part is rendered meaningless if it can be harmonized with the remainder of the statute. We also examine the statute as a whole." *City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007) (citations omitted). The statute breaks down into three distinct sections: (1) when the registration period begins, (2) when the period is suspended, and (3) when the period restarts. The first section states that the ten-year period begins, essentially, once the offender has been released from incarceration, *i.e.* is living among the public. The intent of the legislature is clear: that the public should be on notice of potentially dangerous offenders living in their community. Such notice is not necessary while the offender is incarcerated.

[11] The second section of the statute governs periods when the ten-year term is suspended. The statute states that the registration period is "tolled" during "any period" in which the offender is incarcerated. Ind. Code § 11-8-8-19. While this could, on its own, be read to restart the ten-year period upon subsequent incarceration, the following section specifies that "[t]he registration period does not restart if the offender is convicted of a subsequent offense"

unless the conviction is for a violent or sexual offense. Ind. Code § 11-8-8-19. Additionally, the final section is specific to subsequent offenses, while the tolling section includes "any period" that the offender is incarcerated. We do not think the legislature made this distinction arbitrarily. The only reasonable interpretation of the "tolling" section is that, during any period of incarceration for any offense, subsequent or related to the underlying offense, the ten-year registration period is suspended and will resume once the offender is re-released into the community. Frazier's interpretation of the statute is unreasonable in that it reads into the statute language which is neither expressly present nor implied by the surrounding text.[1]

[12] Under our reading of the statute, Frazier's ten-year registration period was tolled each time he was incarcerated after his initial release from incarceration on December 3, 2003. Altogether, Frazier has been incarcerated for approximately six years since the registration period began. At the time of his 2014 arrest, and without any additional convictions, Frazier's registration period would have ended sometime in 2019. Accordingly, Frazier still had a duty to register at the time of his arrest. We affirm Frazier's conviction for failure to register as a sex offender.

---

[1] In addition, it is worth noting that Frazier was clearly not mislead by the language of the statute. While testifying at trial, Frazier admitted that he was still under an obligation to register as a sex offender at the time of his arrest and knowingly breached that duty by absconding to Fort Wayne to "hide out." Tr. p. 116.

# III. Double Enhancement

[13]  Frazier argues that the trial court violated the rule against double enhancement by simultaneously elevating his offense from a Class D to a Class C felony and also imposing a ten-year sentence based on the habitual offender statute. The State concedes that this was an impermissible double enhancement and we agree. The court enhanced the Class D felony offense to a Class C felony pursuant to Indiana Code section 11-8-8-17(b), which provides for such an enhancement when an offender has a prior unrelated conviction for failure to register. Such an enhancement is known as a progressive-penalty statute. *Dye*, 972 N.E.2d at 857. "The general rule is that, '*absent explicit legislative direction*, a sentence imposed following conviction under a progressive penalty statute may not be increased further under [] the general habitual offender statute.'" *Id.* (quoting *State v. Downey*, 770 N.E.2d 794, 796 (Ind. 2002)) (emphasis in original). There is no such explicit legislative direction regarding the relevant statutes in this case. Therefore, the trial court's sentence was an impermissible double enhancement. We reverse the trial court's sentence and remand with instructions that the habitual offender enhancement be vacated. The eight-year sentence for Class C felony failure to register remains unaffected.

[14]  The judgment of the trial court is affirmed in part, reversed in part, and remanded.


Vaidik, C.J., and Kirsch, J., concur.