

FILED

Jun 26 2017, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Travis L. Woodruff, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 26, 2017 <br><br> Court of Appeals Case No. <br> 32A01-1612-CR-2751 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Rhett M. Stuard, Judge <br><br> Trial Court Cause No. <br> 32D02-1607-F1-1 |

**Crone, Judge.**

# Case Summary

Travis Lee Woodruff appeals his sentence, following a jury trial, for level 3 felony aggravated battery and level 5 felony intimidation, which was enhanced based on the jury's findings that he is a habitual offender and that he used a firearm in the commission of the aggravated battery. He asserts that the trial court erred by applying both enhancements. Finding that there has not been a violation of the general rule against double enhancements, we affirm Woodruff's sentence. However, we remand with instructions that the trial court attach his habitual offender enhancement to the sentence for his aggravated battery conviction.

# Facts and Procedural History

Woodruff and Chad Gore were recent acquaintances. On the morning of July 6, 2016, Gore and two companions were asleep in a motel room in Hendricks County. A loud knock on the door awoke them. Gore directed one of his companions to open the door. Woodruff, also accompanied by two people, entered the room. Startled by the "aggressive commotion," Gore arose and sat at the edge of the bed. Tr. Vol. 2 at 207. As tensions escalated, Gore's companions left the room.

Woodruff and his companions loudly accused Gore of either reporting them to the police on a prior occasion or being a police officer. Gore denied the allegations. Woodruff was not convinced, saying, "[Y]ou know here's how it's going to go," as he wielded a .22-caliber revolver. *Id.* at 208, 210. Woodruff

fired two shots that narrowly missed Gore. Woodruff's companions ran out of the room. Woodruff was standing "right in front of [Gore] . . . less than arm's reach." *Id.* at 233. Gore stood up and attempted to wrestle the revolver away from Woodruff. During the struggle, Woodruff shot Gore in the chest. Woodruff dropped the gun and fled the scene. Gore eventually received emergency medical attention for injuries to a few internal organs and a laceration on his head.

[4]     The State charged Woodruff with level 1 felony attempted murder, level 3 felony aggravated battery, level 5 felony battery by means of a deadly weapon, level 5 felony intimidation, and level 6 felony criminal recklessness. The State also alleged that Woodruff was a habitual offender and that he used a firearm in the commission of the aggravated battery, each of which is a basis for enhancing a defendant's sentence. Following a jury trial, Woodruff was found guilty of all charges except attempted murder. The jury also found that Woodruff was a habitual offender and used a firearm in the commission of the aggravated battery. The trial court vacated the guilty verdicts for battery with a deadly weapon and criminal recklessness due to double jeopardy concerns. The trial court imposed a fifteen-year sentence for the aggravated battery conviction and a concurrent two-year sentence for the intimidation conviction. The trial court enhanced Woodruff's sentence by a fifteen-year term for the habitual offender finding and a subsequent ten-year term for the use of a firearm, for an aggregate forty-year sentence. Woodruff now appeals.

# Discussion and Decision

[5] Woodruff's sole argument on appeal is that the trial court erred in applying both the habitual offender enhancement and the firearm enhancement to his sentence for aggravated battery. Claims of multiple sentencing enhancements are governed by statutory interpretation. *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010). We review matters of statutory interpretation de novo because they raise pure questions of law. *Id.*

[6] Woodruff contends that the trial court ordered what he characterizes as an impermissible double enhancement, citing *Dye v. State*, 972 N.E.2d 853 (Ind. 2012), *aff'd on reh'g*, 984 N.E.2d 625 (Ind. 2013). In *Dye*, our supreme court explained that three types of statutes authorize enhanced sentences for repeat offenders: the general habitual offender statute, specialized habitual offender statutes, and progressive-penalty statutes. *Id.* at 857. Generally, double enhancements are impermissible unless there is explicit legislative direction authorizing them. *Id.* at 856. When more than one of these types of statutes apply to the defendant at the same time, there are double enhancement issues. *Id.* at 857. Conversely, if not more than one of these types of statutes apply, then there is no double enhancement issue to review. *Id.*

[7] In *Dye*, the court held that it was impermissible for the defendant's unlawful possession of a firearm by a serious violent felon conviction to be enhanced further by the general habitual offender statute. *Id.* at 858. On rehearing, the supreme court further clarified that the defendant's habitual offender

enhancement was vacated not merely because the serious violent felon statute, a progressive-penalty statute, and the general habitual offender enhancement were simultaneously applied, but more precisely because the past felonious conduct used as the basis for the habitual offender charge was a part of the same "uninterrupted transaction" on which the serious violent felon charge was based. *Dye*, 984 N.E.2d at 630.

[8] Contrary to Woodruff's suggestion, *Dye* does not stand for the proposition that whenever *any* two enhancements are applied to an underlying conviction there is an impermissible double enhancement. Rather, *Dye* states that there is a double enhancement issue when more than one of the types of statutes that authorize enhancements for repeat offenders are applied to the same proof of an "uninterrupted transaction." Therefore, double enhancement analysis is proper when the proof of previous criminal conduct is the basis of more than one enhancement.

[9] Woodruff was convicted of level 3 felony aggravated battery. Aggravated battery is neither a progressive-penalty statute nor a specialized habitual offender statute. As such, the general habitual offender enhancement can be attached to the aggravated battery conviction, as it is a criminal "status" that is given to the defendant who has accumulated the required number of prior unrelated felony convictions. Ind. Code § 35-50-2-8(j). Similarly, the firearm enhancement can be attached to the aggravated battery conviction, as it does not apply to the past criminal conduct of a repeat offender, but rather when the offense, a felony under Indiana Code Article 35-42 which resulted in death or

serious bodily injury, is committed by use of a firearm. Ind. Code § 35-50-2-11(b)(1), -(d). The plain language of the firearm enhancement statute shows that a defendant's *prior* felonious conduct is not at issue. *See id.* In sum, there is no impermissible double enhancement here because only one type of repeat offender statute that enhanced Woodruff's conviction was applied. Ultimately, Woodruff's aggravated battery conviction resulted in a dual enhancement, not for the same prior crimes, but for committing aggravated battery with a firearm while being a habitual offender. Because we find that there has not been a violation of the general rule against double enhancements, we affirm Woodruff's aggregate forty-year sentence.

[10] However, the State points out that the trial court erroneously entered a separate fifteen-year sentence for the habitual offender finding. A habitual offender finding does not constitute a separate crime, nor does it result in a separate sentence. *See* Ind. Code § 35-50-2-8(j). Rather, a habitual offender finding results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2001). Therefore, we remand with instructions that the trial court vacate the separate sentence on the habitual offender enhancement and attach the enhancement to Woodruff's sentence for aggravated battery.

[11] Affirmed and remanded.

Baker, J., and Barnes, J., concur.