Darryn A. SWANSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 71S04–9602–CR–131.

Supreme Court of Indiana.

May 31, 1996.

Rehearing Denied Aug. 6, 1996.

Philip R. Skodinski, South Bend, for Appellant.

Pamela Carter, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

In assessing the admissibility of certain evidence characterized as prior bad acts, both the trial court and the Court of Appeals held that the evidence was admissible as part of the *res gestae* of the offense. We hold that the admissibility of evidence heretofore claimed admissible as part of the *res gestae* should henceforth be analyzed by reference to the Indiana Rules of Evidence. The *res gestae* rule itself has not survived the adoption of those rules.

Appellant Darryn A. Swanson was tried before a jury and found guilty of murder, a felony, Ind.Code § 35–42–1–1 (West Supp. 1995). The court sentenced him to forty years in prison. On appeal, Swanson contended that the trial court erred in admitting evidence of certain acts he committed just before the instant crime. He also challenged the sufficiency of the evidence supporting his

conviction. The Court of Appeals affirmed. *Swanson v. State,* 655 N.E.2d 369 (Ind.Ct. App.1995). We grant transfer.

The charge of murder against Swanson arose from events at a New Year's Eve party given by Rodney Harris and his sister, Michelle Cousette, at Cousette's home. Swanson and a date were guests at the party. Several people carried guns to the fete, including Harris and Swanson.

Swanson's girlfriend, Angela Goodloe, arrived at the party just after midnight. She was disturbed to find Swanson attending with another woman and began arguing with him in the kitchen. During the argument, Swanson slapped Goodloe. As she walked away, Swanson fired his .38 caliber handgun twice at the ceiling. Harris stood up, waved his own gun, and told everyone to leave. Several did, including Swanson. A few who remained worked to calm Harris. While they were doing so, Swanson returned, kicked in the front door, and shot Harris several times in the head.

Before trial commenced, the State filed a notice under Ind.Evidence Rule 404(b) [1] indicating it intended to offer evidence that Swanson had slapped Goodloe and fired his gun at the ceiling. Swanson objected on grounds that evidence of prior bad acts was inadmissible under Rule 404(b) to prove that Swanson had later killed Harris. The State argued that these acts "started the chain of events that led to the shooting" and were admissible as "part of the *res gestae.*" (R. at 104.) The trial court and the Court of Appeals agreed.

*Res gestae* is a term regularly used in Indiana's common law of evidence to denote facts that are part of the story of a particular crime. It includes acts which are part of an "uninterrupted transaction." *Hardin v. State,* 611 N.E.2d 123, 129–30 (Ind.1993). It has been used regularly to admit evidence about acts of misconduct occurring before the charged crime, as an exception to the rule prohibiting evidence of prior bad acts. *See, e.g., Palmer v. State,* 640 N.E.2d 415 (Ind.Ct. App.1994).

At best, *res gestae* is an imprecise concept, and it has tended to be an all too easy substitute for describing the legal relevance of a particular piece of evidence. The term *res gestae* does not appear in our Rules of Evidence, and we believe that the admissibility of evidence is better tested by reference to the concepts found in those rules. In other words, is the evidence in question relevant in that it tends to make more probable or less probable the existence of some fact pertinent to the case? Evid.R. 401.

■ Applying the test of Rule 401, we conclude the evidence that Swanson slapped Goodloe and shot his gun at the ceiling was admissible on several grounds. It tended to connect Swanson to the murder weapon. It indicated Swanson knew the weapon would fire, a highly relevant fact in light of the State's charge of a knowing killing. The slap and the firing prompted Harris to demand that people leave the premises and provided an explanation of a motive Swanson might have had for killing Harris. These are positive reasons why the evidence was admissible.

■ We also think Swanson's contention that these were "prior bad acts" denoting character and thus inadmissible as being used solely to "show action in conformity therewith," Evid.R. 404(b), is a weak one. The paradigm of such inadmissible evidence is a crime committed on another day in another place, evidence whose only apparent purpose is to prove the defendant is a person who commits crimes. The evidence at issue in this case was not really of that nature. In short, the trial court was correct to overrule the objection and admit the evidence (though on different grounds from those offered by the prosecution).

---

1. **(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

We fully expect that the great majority of the evidence we formerly admitted by calling it *res gestae* will continue to be admitted in Indiana courts. It will be admitted, however, by reference to the legal concepts and vocabulary of the Indiana Rules of Evidence.

Swanson's second contention of error asserted the evidence was insufficient to support his conviction. The Court of Appeals correctly held that the evidence was sufficient. We summarily affirm on this point. Ind.Appellate Rule 11(B)(3).

There being no error, we affirm the judgment of the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.