ATTORNEYS FOR APPELLANT
Peter D. Todd
Appellate Public Defender
Elkhart, Indiana

Kenneth R. Martin
Goshen, Indiana

ATTORNEYS FOR APPELLEE
Gregory F.Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 20S04-1201-CR-5

ANTHONY H. DYE,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

_____

Appeal from the Elkhart Superior Court 1, No. 20D01-0705-FB-00015
The Honorable Evan S. Roberts, Judge

_____

On Petition For Rehearing

_____

**March 21, 2013**

**Rucker, Justice.**

The State seeks rehearing of this Court's opinion in which we determined that the Defendant's sentence for unlawful possession of a firearm by a serious violent felon ("SVF"), which was enhanced under the general habitual offender statute, constituted an impermissible double enhancement. Dye v. State, 972 N.E.2d 853 (Ind. 2012).

The essential facts are these. On May 1, 2007 the State charged Anthony H. Dye with unlawful possession of a firearm by a serious violent felon based on his September 10, 1998 conviction of attempted battery with a deadly weapon. The State also sought to have Dye's sentence enhanced under the general habitual offender statute which provides that the sentence of a person convicted of a felony can be enhanced by up to thirty years if he or she previously has been convicted of two prior unrelated felonies. See Ind. Code § 35-50-2-8. The two felonies on which the State relied were Dye's 1998 conviction for possession of a handgun within 1,000 feet of a school and his 1993 conviction for forgery.

Dye pleaded guilty to the SVF charge; but filed a motion to dismiss the habitual offender charge contending that enhancing his sentence under the general habitual offender statute would constitute an impermissible double enhancement. The trial court denied the motion and the case proceeded to a jury trial on the habitual offender allegation. The jury found that Dye was a habitual offender; and the trial court sentenced him to 20 years imprisonment for the SVF conviction, enhanced by 30 years for the habitual offender adjudication. The trial court suspended 15 years to probation, for an executed term of 35 years. Dye appealed contending the trial court improperly denied his Batson[1] challenge; the trial prosecutor improperly elicited details of Dye's prior convictions; the habitual offender charge was impermissibly enhanced; and his sentence was inappropriate considering the nature of the offense and the character of the offender under Indiana Appellate Rule 7(B). In a divided opinion the Court of Appeals rejected Dye's claims. Dye v. State, 956 N.E.2d 1165 (Ind. Ct. App. 2011). In dissent Judge May concluded that Dye had been subject to an impermissible double enhancement. Id. at 1173-76 (May, J., dissenting).

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

Dye sought transfer contesting the habitual offender adjudication, the trial court's denial of his Batson challenge, and arguing his sentence was inappropriate. Accepting transfer a majority of this Court concluded the trial court erred in denying Dye's motion to dismiss the habitual offender allegation and vacated the 30-year enhancement the trial court had imposed under the general habitual offender statute. See Dye, 972 N.E.2d at 858.[2] In so doing we held in part "a double enhancement is improper where the underlying conviction is for unlawful possession of a firearm by an SVF." Id. (citing Mills v. State, 868 N.E.2d 446, 452 (Ind. 2007)).

The State filed a timely petition for rehearing contending the Court's decision is a departure from Mills in that the Court has now "held that serious violent felons who possess firearms cannot be punished as habitual offenders." Pet. for Reh'g at 1. We grant rehearing to address this contention.

Corey Mills was charged with (1) carrying a handgun without a license (the "handgun" count); (2) possession of a firearm by a serious violent felon (the "SVF" count); and being a habitual offender (the "habitual offender" count). The handgun count was based on Mills' arrest for possession of an unlicensed handgun. The SVF count, which requires a prior conviction of a serious violent felony, was based on Mills' 1995 conviction for voluntary manslaughter. The habitual offender count, which requires two prior unrelated felony convictions, was based on that same 1995 voluntary manslaughter conviction and on Mills' conviction for robbery in 1989. Mills v. State, 868 N.E.2d at 447. Under the terms of a plea agreement Mills pleaded guilty to the SVF and habitual offender counts. The State dismissed the handgun count. Subject to a cap of twenty years, sentencing was left to the discretion of the trial court. Before entering into the plea agreement, Mills had asked his attorney whether the law permitted him to be sentenced on the SVF count and then have an additional sentence imposed based on the habitual offender count. Mills' lawyer assured him that sentencing on both the SVF and habitual offender counts was permissible. As it turns out, the Court of Appeals had ruled just the opposite in an opinion pre-dating Mills' plea. After entering into the plea agreement, but before sentencing, Mills

---

[2] Having reached this conclusion, the Court declared Dye's Batson claim moot. The Court also summarily affirmed that portion of the Court of Appeals opinion rejecting Dye's Appellate Rule 7(B) claim.

sought to withdraw his guilty plea, objecting to the prospect that he would be sentenced on both the SVF and habitual offender counts. The trial court denied Mills' request and in accordance with the plea agreement sentenced Mills to ten years on the SVF count, enhanced by ten years on the habitual offender count. Id. at 447-48.

Mills did not appeal the trial court's denial of his request to withdraw his plea. Instead Mills sought post-conviction relief contending (1) he received ineffective assistance of counsel because he had been inaccurately advised on the propriety of sentencing on both the SVF and habitual offender counts, and (2) his guilty plea was thus not knowing, intelligent, and voluntary. Id. at 448. The post-conviction court denied relief and the Court of Appeals affirmed. On transfer this Court traced the legislative and case law developments on the question of when a trial court may impose on criminals more severe sentences than would otherwise be the case because they have proven to be "repeat" or "habitual" offenders. Id. at 448-51. Ultimately the Court held "a person convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the *same felony* used to establish that the person was a 'serious violent felon.'" Id.[3] at 447 (emphasis added); see also Beldon v. State, 926 N.E.2d 480, 483 (Ind. 2010) ("[A] defendant convicted under a progressive penalty statute 'may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony' used to elevate the underlying charge.") (quoting Mills, 868 N.E.2d at 452); Dugan v. State, 976 N.E.2d 1248, 1250 (Ind. Ct. App. 2012) (same). We reaffirm this holding today.

In this case, Dye was charged as a serious violent felon based on a 1998 conviction for attempted battery with a deadly weapon. He was also charged as a habitual offender based on a 1998 conviction for possession of a handgun within 1,000 feet of a school, and a 1993 conviction for forgery. Thus Dye's twenty-year enhanced sentence under the general habitual offender

---

[3] Because Mills' sentence was enhanced under the general habitual offender statute based in part on his 1995 conviction for voluntary manslaughter—the same felony used to establish that he was a serious violent felon—the sentence ran afoul of the prohibition on double enhancements. However Mills was not entitled to relief because he failed to contest the trial court's denial of his motion to withdraw his guilty plea by direct appeal and was precluded from raising the issue in a post-conviction proceeding. Id. at 452 (citing Collins v. State, 817 N.E.2d 230, 232 (Ind. 2004)). Thus, we affirmed the judgment of the post-conviction court.

statute was not based on the "same felony" used to establish that Dye was a serious violent felon. On this ground Dye is not entitled to relief.

However, in his petition to transfer before this Court Dye argued that he nonetheless was subject to an impermissible double enhancement. We agree. Although the habitual offender adjudication was not based on the same felony used to establish that Dye was a serious violent felon, it was based on a felony that was part of the same *res gestae*.

The general habitual offender statute provides in pertinent part "the state may seek to have a person sentenced as a habitual offender for any felony by alleging . . . that the person has accumulated two (2) prior *unrelated* felony convictions." I.C. § 35-50-2-8(a) (emphasis added). As we noted nearly three decades ago—shortly after the statute was enacted—"[t]he phrase 'unrelated felony' in our habitual offender statute means the predicate felony is not part of the *res gestae* of the principal offense and that the second predicate felony was committed after conviction of the first predicate felony." Beach v. State, 496 N.E.2d 43, 45 (Ind. 1986) (citing Erickson v. State, 438 N.E.2d 269, 273 (Ind. 1982); Connell v. State, 470 N.E.2d 701, 707-08 (Ind. 1984)). See also Toney v. State, 715 N.E.2d 367, 369 (Ind. 1999) ("'Unrelated' does not mean that the earlier felonies must be of a different nature, but is interpreted as [though] the felonies are not related . . . as part of the *res gestae* of the current crime.") (internal quotation omitted); Beldon, 926 N.E.2d at 484 (quoting Beach, 496 N.E.2d at 45) ("'[U]nrelated felony' in our habitual offender statute means the predicate felony is not part of the *res gestae* of the principal offense.").

Although *res gestae* is a term regularly used in Indiana's common law of evidence to denote facts that are part of the story of a particular crime, it also includes acts that are part of an "uninterrupted transaction." Swanson v. State, 666 N.E.2d 397, 398 (Ind. 1996). And "[a] crime that is continuous in its purpose and objective is deemed to be a single uninterrupted transaction." Eddy v. State, 496 N.E.2d 24, 28 (Ind. 1986).

The record shows that arising out of a confrontation between Dye and an officer of the Elkhart Police Department on March 27, 1997, Dye was charged with Count I attempted murder;

Count II possession of a handgun as a class C felony; Count III possession of a handgun within 1,000 feet of a school; and Count IV attempted battery while armed with a deadly weapon. Tr. at 504-508. On May 7, 1998 under cause number 20C01-9703-CF-00018 pursuant to the terms of a plea agreement, the State dismissed Count I and Dye pleaded guilty to Counts II thru IV. The trial court sentenced Dye to an eight-year concurrent term on each count. App. at 86-89. All three offenses arose out of one incident. Tr. at 507.

As we held in Mills a person convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence for that crime enhanced under the general habitual offender statute by proof of the same felony used to establish that the person was a serious violent felon. Mills, 868 N.E.2d at 447. Thus it is clear the State could not have relied on Dye's 1998 conviction of attempted battery while armed with a deadly weapon as a predicate offense for the habitual offender adjudication, since that was the felony on which the State based the SVF charge. Rather, the State relied on another charge that arose out of and was a part of an "uninterrupted transaction" on which the SFV charge was based, namely Dye's 1998 conviction for possession of a handgun within 1,000 feet of a school. This result contradicts the rule of lenity which we described in Ross v. State, 729 N.E.2d 113 (Ind. 2000):

> [W]hen a conflict arises over the question of imposing a harsher penalty or a more lenient one, the longstanding Rule of Lenity should be applied. "It is a familiar principle that statutes which are criminal or penal in their nature or which are in derogation of a common-law right must be strictly construed." Also, "where there is ambiguity it must be resolved against the penalty . . . ."

Id. at 116 (internal citations omitted) (superseded by statute on other grounds). Were we to sanction the State's charging decision in this case, it would amount to elevating form over substance. We agree with Judge May's observation that it is incongruous to hold that "two offenses . . . are so related they could not be used together for an habitual offender enhancement are, at the same time, so *unrelated* that they may support a double enhancement in the form of an SVF count and an habitual offender enhancement." Dye, 956 N.E.2d at 1175 (May, J., dissenting).

6

In sum, the State is not be permitted to support Dye's habitual offender finding with a conviction that arose out of the same *res gestae* that was the source of the conviction used to prove Dye was a serious violent felon.

## Conclusion

We grant rehearing and again affirm that a person convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the person was a serious violent felon.  In all other respects we reaffirm our original opinion.

Dickson, C.J., and David and Rush, JJ., concur.
Massa, J., concurs in part and dissents in part with separate opinion.

7

Massa, Justice, concurring in part and dissenting in part.

While I join my colleagues in clarifying that the original majority opinion in this matter did *not* extend <u>Mills</u> to situations where *different* prior unrelated convictions are used to establish an habitual offender finding and the elements of the Serious Violent Felon statute, I continue to dissent from the ultimate result on rehearing for reasons previously explained. <u>Dye v. State</u>, 972 N.E.2d 853, 859 (Ind. 2012) (Massa, J., dissenting).