**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ERNEST P. GALOS**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT FULTZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1311-CR-437 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1306-FD-500

**March 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Robert Fultz, who has a substantial criminal history including the murder of a police officer and numerous property crimes, stole meat from a South Bend grocery store. The State initially charged Fultz with Class A misdemeanor criminal conversion; however, the State dismissed the case and charged him with Class D felony theft and being a habitual offender. Fultz pleaded guilty to theft and admitted being a habitual offender, and the trial court sentenced him to seven and one-half years. Fultz now appeals, arguing that his habitual-offender enhancement is an illegal double enhancement and that his seven-and-one-half-year sentence is inappropriate.

We find that Fultz did not receive an illegal double enhancement because Fultz's theft conviction is not pursuant to a progressive-penalty scheme or a specialized habitual-offender scheme. In addition, Fultz's character alone justifies his seven-and-one-half-year sentence. Fultz's criminal history includes the most serious offense—murder—and a number of convictions for crimes similar to theft. We therefore affirm the trial court.

**Facts and Procedural History**

Sixty-year-old Robert Fultz entered a Martin's Supermarket in South Bend, Indiana, on June 2, 2013, and took $171.43 worth of meat without paying for it. The State initially charged Fultz with Class A misdemeanor criminal conversion on June 3; however, the State dismissed the case on June 6. The following day, the State charged Fultz with Class D felony theft and being a habitual offender. Appellant's App. p. 69-70. A jury trial was set for September 12. On that date, however, Fultz entered "a straight-up plea of guilty" to theft and admitted being a habitual offender. *Id.* at 3 (CCS); *see also* Tr. p. 30, 36-37.

At the sentencing hearing, defense counsel argued that the habitual-offender enhancement was a "double enhancement" because the State initially charged Fultz with Class A misdemeanor criminal conversion but then "enhanced it to a theft, and then they filed an additional enhancement." Tr. p. 46. Defense counsel also argued that "the underlying reason for [the theft was] that [Fultz] became addicted to drugs at a late age." *Id.* at 47. Defense counsel conceded the "severity" of Fultz's criminal history, *id.* at 48, which included the 1975 murder conviction of a South Bend police officer as well as convictions for burglary, forgery, theft, and receiving stolen property. Nevertheless, defense counsel asked the trial court to consider that this case was a "shoplifting matter that the State certainly had the discretion to charge as a felony." *Id.*

The trial court dismissed defense counsel's double-enhancement argument because Fultz's theft charge was not elevated to a Class D felony based on his prior convictions. *Id.* at 55. Rather, the court found that it was simply a matter of the State initially filing the case as a misdemeanor but then refiling it as a felony once they determined who the defendant was. *Id.* The trial court sentenced Fultz as follows:

> Well, you know, Mr. Fultz, if I were looking at just this offense, I would agree with you and your attorney. The theft involves minimal value, I don't like sending people to prison for stealing food. And you pled guilty without the benefit of an agreement.
> And so if it were just that, the 129 days that you've [already] served would certainly satisfy anybody. But I've got to take a look at the total picture here. And the total picture isn't good. And you know that and I know that—and everybody knows that.
> You have eight prior cases in which you've had felony convictions. And in some of those there are multiple felony convictions. And this would be your ninth case in which there was a felony conviction. . . . [I]n '75, second degree murder. And I do know, and I think it's known, I mean, that was for the murder of South Bend Police Corporal Thomas DeRoo. . . .

3

And it's not very often, although it has happened a couple of times, surprisingly in the last year, where I've been in a situation where I have been sentencing people who have in the past committed a murder, had served their time and gotten out.

It just seems to me, Mr. Fultz, is that what you tell me your intentions are, and I take those at face value, I take them as whatever you say, simply doesn't square with criminal conduct that has gone back to 1970. And it has really been fairly continuous.

\* \* \* \* \*

I just can't come to any other conclusion, given the criminal history . . . and quite honestly the severity of the criminal history, that notwithstanding the minimal value, notwithstanding the item that was taken and notwithstanding, as you said, [not] taking people out of work [for a jury trial], this is simply one of those situations where I think it's a three year sentence on the theft, four and-a-half year sentence enhancement for a total of seven and-a-half years.

*Id.* at 52-56 (formatting altered).

Fultz now appeals.

## Discussion and Decision

Fultz raises two issues. First, he contends that his habitual-offender enhancement is an illegal double enhancement. Second, he contends that his seven-and-one-half-year sentence is inappropriate.

## I. Double Enhancement

Fultz first contends that his habitual-offender enhancement is an "illegal double enhancement." Appellant's Br. p. 8. He points out that the State initially charged him with Class A misdemeanor criminal conversion; however, the State dismissed the case and charged him with Class D felony theft and being a habitual offender. Even though Fultz pleaded guilty to being a habitual offender and therefore likely waived this argument, we nevertheless reach the merits.

There are three types of statutes authorizing enhanced sentences for recidivist offenders: (1) the general habitual-offender statute, (2) specialized habitual-offender statutes, and (3) progressive-penalty statutes. *Dye v. State*, 972 N.E.2d 853, 857 (Ind. 2012), *aff'd on reh'g*, 984 N.E.2d 625 (Ind. 2013). The general habitual-offender statute, Indiana Code section 35-50-2-8, authorizes a sentencing enhancement of up to thirty years where the defendant has been convicted of three "unrelated" felonies. *Id.* Specialized habitual-offender statutes authorize sentencing enhancements where the defendant has been convicted of a certain number of similar offenses. *Id.* (citing Ind. Code § 35-50-2-10 (habitual substance offenders); Ind. Code § 35-50-2-14 (repeat sex offenders); Ind. Code § 9-30-10-4 (habitual traffic violators)). And progressive-penalty statutes, which are the most specialized, elevate the level of an offense (with a correspondingly enhanced sentence) where the defendant previously has been convicted of a particular offense. *Id.* (citing Ind. Code § 35-48-4-11 (misdemeanor possession of marijuana elevated to felony if defendant has prior marijuana conviction); Ind. Code § 35-47-2-23(c)(2) (misdemeanor carrying handgun without a license elevated to felony if defendant has specific prior convictions); Ind. Code §§ 9-30-10-16 & -17 (Class D felony driving while privileges are suspended elevated to Class C felony if defendant has prior conviction for driving while suspended); Ind. Code §§ 9-30-5-2 & -3 (misdemeanor OWI elevated to felony if defendant has prior OWI conviction)). Double-enhancement issues arise where more than one of these statutes is applied to the defendant at the same time. *Id.*

In applying the general rule against double enhancements, we look first to determine whether the defendant's underlying conviction is pursuant to a progressive-penalty scheme

5

or a specialized habitual-offender scheme. *Id.* at 858. If not, then there is no double-enhancement problem. *Id.*

Fultz did not receive an illegal double enhancement. This is because Fultz's theft conviction is not pursuant to a progressive-penalty scheme or a specialized habitual-offender scheme. *See id.* Theft does not require the defendant to have been convicted of a certain number of similar offenses or a particular offense. In addition, Class D felony theft is not an enhancement of Class A misdemeanor criminal conversion; rather, criminal conversion is an inherently lesser-included offense of theft because conversion may be established by proof of less than all the material elements of theft. *Poling v. State*, 938 N.E.2d 1212, 1215 (Ind. Ct. App. 2010).

Moreover, the record suggests that the State filed this case as misdemeanor criminal conversion before it realized who the defendant was, at which point the State dismissed the case and charged Fultz with felony theft and being a habitual offender. The State has the discretion to determine under which statute to prosecute, and it does not have to prosecute under the statute with the lesser penalty. *Skinner v. State*, 732 N.E.2d 235, 238 (Ind. Ct. App. 2000), *summarily aff'd by* 736 N.E.2d 1222 (Ind. 2000). There is no improper double enhancement in this case.

## II. Inappropriate Sentence

Next, Fultz contends that his seven-and-one-half-year sentence is inappropriate. Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must

persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7. The court "shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense." Ind. Code § 35-50-2-8(h). The trial court sentenced Fultz to three years for the Class D felony and four and one-half years for being a habitual offender.

The nature of the offense is not serious. Fultz stole $171.43 worth of meat from a grocery store and pleaded guilty to the crime without the benefit of a plea agreement. According to the Victim Impact Statement in the Presentence Investigation Report, the grocery store recovered the meat and suffered no monetary loss.

Fultz's character alone, however, justifies his seven-and-one-half-year sentence. Fultz's criminal history includes the most serious offense—murder—and a number of convictions for crimes similar to the present one. In 1975, Fultz was convicted of second-

degree murder for killing a South Bend police officer and given a life sentence. Tr. p. 53; PSI, p. 5. In 1985, this sentence was commuted to a sentence of fifteen to twenty-five years. PSI, p. 5. Fultz's subsequent criminal history includes crimes similar to theft. He was convicted of theft and intimidation in 1990; forgery and receiving stolen property also in 1990; criminal conversion in 2001; theft in 2002; receiving stolen property, resisting law enforcement, criminal recklessness, criminal mischief, and being a habitual offender also in 2002; and burglary in 2004. *Id.* at 5-8. Fultz was released from parole for his 2004 burglary conviction in June 2011. *Id.* at 8. The crime in this case occurred in June 2013. Fultz had unrelated theft charges pending from 2012 when he was sentenced in this case. *Id.* at 8-9.

At sentencing, Fultz expressed remorse for his actions and a desire to give back to his community. But like the trial court, we cannot ignore the frequency at which Fultz's property crimes have been occurring since he was released from prison for his murder conviction despite the numerous opportunities to reform. Fultz has failed to persuade us that his seven-and-one-half-year sentence is inappropriate. We therefore affirm it.

Affirmed.

RILEY, J., and MAY, J., concur.

8