## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 22 2015, 9:35 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Craig Persinger
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Cole,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 22, 2015<br><br>Court of Appeals Case No.<br>27A02-1501-CR-24<br><br>Appeal from the Grant Superior Court<br><br>The Honorable Dana J. Kenworthy, Judge<br><br>Trial Court Cause No.<br>27D02-1406-FD-271 |

**Kirsch, Judge.**

[1] Steven Cole ("Cole") pleaded guilty to battery[1] as a Class A misdemeanor and two counts of invasion of privacy,[2] each as a Class D felony.[3] The battery and first invasion of privacy sentences were to be served concurrently but consecutive to the second invasion of privacy sentence, for an aggregate term of six years executed. Cole appeals and raises the issue of whether his consecutive sentences constitute unlawful double enhancement due to the trial court's use of the same prior unrelated conviction of invasion of privacy. Specifically, he has raised for our review the issue of whether his consecutive sentences for invasion of privacy constitute unlawful double enhancement.

## Facts and Procedural History

[2] On June 25, 2014, Cole was subject to an order prohibiting him from having any contact with Mischa Mantz ("Mantz").[4] Despite the order, Cole knowingly contacted Mantz and went to her home on that date. Several days later, on June 28, 2014, Cole sent his minor son, C.C., and uncle, Oakley Oakerson, ("Oakerson") to Mantz's home to tell her that Cole was in the hospital, and she needed to go with C.C. and Oakerson to see Cole. When Mantz refused, Cole directed C.C. to return to her home later in the day and inform her that Cole

---

[1] *See* Ind. Code § 35-42-2-1(a)(1)(A).

[2] *See* Ind. Code 35-46-1-15.1(12).

[3] We note that, effective July 1, 2014, a new version of these criminal statutes was enacted. Because Cole committed his crimes prior to July 1, 2014, we will apply the statutes in effect at the time he committed his crimes.

[4] The no contact order was issued under cause number 27D02-1403-FD-12.

was going to drive his truck into a tree if she did not go to see him. Also, on the same date, Cole was involved in a physical altercation with Oakerson.[5]

[3]     On June 30, 2014, Cole was charged with battery resulting in bodily injury as a Class A misdemeanor and one count of invasion of privacy as a Class D felony for the offenses that took place on June 28, 2014. The invasion of privacy charge was enhanced to a felony due to Cole's prior invasion of privacy conviction.[6] On July 2, 2014, the State amended the information to charge Cole with a second count of invasion of privacy for the offense that occurred on June 25, 2014. The second invasion of privacy charge was enhanced to a Class D felony due to the same prior conviction as the first invasion of privacy charge.

[4]     Cole waived his right to a trial by jury and pleaded guilty to all three charges on November 28, 2014. At the sentencing hearing on December 22, 2014, the trial court stated that "between June 25th and June 28th, Mr. Cole had ample opportunity to confine his behavior to the restrictions of the law, but he chose not to do so." *Tr.* at 58-59. Consequently, the trial court found that the invasion of privacy offenses that occurred on June 25, 2014 and June 28, 2014 were "not a single course of criminal conduct." *Id.* The trial court then

---

[5] Cole was arrested and pleaded guilty to battery resulting in bodily injury for injuries he inflicted upon his uncle Oakerson under this cause number. *Appellant's App.* at 44-47. Cole raises no challenge to his battery conviction or sentence.

[6] Cole was convicted of invasion of privacy on February 14, 2012 in the Huntington County Superior Court 1 under cause number 35D01-1108-FD-162.

proceeded to impose a fully executed sentence of one year for the battery conviction and three years for each of the invasion of privacy convictions. The battery and first invasion of privacy sentences were to be served concurrent with each other but consecutive to the second invasion of privacy sentence, for an aggregate term of six years executed. Cole now appeals.

## Discussion and Decision

Sentencing decisions fall within the sound discretion of the trial court and are only reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E. 2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. at 490. A trial court may abuse its discretion by (1) failing to enter a sentencing statement or (2) entering findings of aggravating and mitigating factors that are unsupported by the record, omitting facts that were advanced for consideration and clearly supported by the record, or including reasons that are improper as a matter of law. *Id*. at 490-91.

Indiana courts have wrestled with the issue of double enhancements and under which circumstances trial courts may impose more severe sentences. *See*, *e.g.*, *Sweatt v. State*, 887 N.E.2d 81, 93 (Ind. 2008); *Stokes v. State*, 947 N.E.2d 1033, 1037 (Ind. Ct. App. 2011). The general rule regarding multiple enhancement sentences is that the trial court cannot impose a "double enhancement 'absent

explicit legislative direction.'" *Nicoson v. State*, 928 N.E.2d 660, 663 (Ind. 2010) (citation omitted). Consequently, "the crux of these cases revolves around what, if any, legislative direction we are given." *Id.*

[7] "There are three types of statutes authorizing enhanced sentences for recidivist offenders: the general habitual offender statute; specialized habitual offender statutes; and progressive-penalty statutes." *Dye v. State*, 972 N.E.2d 853, 857 (Ind. 2012), *aff'd on reh'g*, 984 N.E.2d 625 (Ind. 2013). The invasion of privacy statute is a progressive-penalty statute, which elevates the level of an offense with a correspondingly enhanced sentence if the defendant previously has been convicted of invasion of privacy. *Id.*

[8] Here, the trial court had explicit legislative direction permitting the enhancements of each of Cole's invasion of privacy charges. Ind. Code § 35-46-1-15.1(12) ("[T]he offense is a Class D felony if the person has a prior unrelated conviction for an offense under this section."). Moreover, it did not violate the Indiana Constitution's Double Jeopardy Clause when the trial court used the same prior invasion of privacy conviction to enhance the two invasion of privacy convictions and ordered that they be served consecutively. "The Double Jeopardy Clause does not protect a defendant from being convicted of multiple counts of the same offense against the same victim." *Minton v. State*, 802 N.E.2d 929, 937-38 (Ind. Ct. App. 2004).

[9] Additionally, serving consecutive terms for two separate offenses "is not within the category of rules precluding the enhancement of each offense based on the

very same behavior." *Sistrunk v. State*, No. 49S05-1410-CR-654, 2015 WL 4597571, at *3 (Ind. July 30, 2015). Cole received two convictions under the same statute for two separate and distinct acts. Each invasion of privacy offense occurred after Cole's 2012 conviction, therefore elevating them to felonies. We conclude that the trial court acted properly when it enhanced each invasion of privacy offense with the prior conviction.

[10] "Furthermore, with a few exceptions, it is within the trial court's discretion whether to order sentences be served concurrently or consecutively." *Myers v. State*, 27 N.E.3d 1069, 1082 (Ind. 2015). Cole has made no arguments that any of the exceptions apply to him or that the trial court has otherwise abused its discretion in its sentencing decision. We, therefore, conclude that Cole committed two crimes for which he can be punished separately through consecutive sentences for an aggregate term of six years executed. The trial court did not abuse its discretion in sentencing Cole.

[11] Affirmed.

Najam, J., and Barnes, J., concur.