## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 22 2015, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana
Indianapolis, Indiana

Cassandra J. Wright
Assistant Chief Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Lawrence T. Davis, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 22, 2015 <br><br> Court of Appeals Case No. 45A04-1503-PC-119 <br><br> Appeal from the Lake Superior Court 1 <br><br> The Honorable Kathleen A. Sullivan, Magistrate; and The Honorable Salvador Vasquez, Judge. <br><br> Trial Court Cause No. 45G01-1304-PC-4 |

**Altice, Judge.**

**Case Summary**

[1] Lawrence T. Davis appeals from the denial of his petition for post-conviction relief (PCR). On appeal, he asserts that the post-conviction court erred in rejecting his claim that he was subjected to an improper double enhancement because the prior conviction used to enhance his auto theft conviction from a class D to a class C felony and one of the convictions used to support his habitual offender adjudication were part of the same *res gestae*. Davis also argues that the post-conviction court erred in rejecting his claim that his appellate counsel was ineffective for failing to adequately present the double enhancement issue on direct appeal.

[2] We affirm.

## Facts & Procedural History

[3] In 2009, Davis was convicted of auto theft as a class C felony and two counts of resisting law enforcement, one as a class D felony and one as a class A misdemeanor. The auto theft charge was elevated from a class D to a class C felony based on a 2004 auto theft conviction under cause number 45G01-0312-FC-165 (FC-165). Davis was also adjudicated a habitual offender based on a 2004 resisting law enforcement conviction also filed under FC-165 and a separate 2001 auto theft conviction. Davis received an aggregate sentence of nineteen years.

[4] On direct appeal, appellate counsel raised three issues: (1) whether the trial court erred in not advising Davis of his right to a jury trial on the habitual offender and auto theft enhancement phases of his trial; (2) whether the trial

court erred in allowing the State to use the auto theft conviction from FC-165 both to enhance the conviction for auto theft and to support the habitual offender adjudication, and (3) whether the trial court erred in imposing the habitual offender enhancement as a separate sentence. This court affirmed as to the first and second issues, noting with respect to the latter that the State did not rely on the same conviction to support the enhancement and the habitual offender adjudication. Rather, the enhancement was supported by the auto theft conviction under FC-165, while the habitual offender adjudication was supported by the resisting law enforcement conviction under FC-165 and the 2001 auto theft conviction. This court held that "[t]he trial court did not violate the prohibition of *Beldon*[*v. State*, 926 N.E.2d 480 (Ind. 2010),] as it did not use the same conviction to enhance under both the progressive enhancement and habitual offender statutes." *Davis v. State*, 935 N.E.2d 1215, 1218 (Ind. Ct. App. 2010). As to Davis's third issue on direct appeal, this court remanded with instructions to the trial court to correct its error in imposing the habitual offender enhancement as a separate sentence. Davis filed a petition to transfer, which our Supreme Court denied on February 17, 2011.

[5] Davis filed a pro se PCR petition on April 29, 2013. The petition was amended by counsel on November 22, 2013. Following an evidentiary hearing, the post-conviction court issued an order denying Davis's petition on February 25, 2015. Davis now appeals.

## Discussion & Decision

In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)). In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion. *Id.* Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

### 1. Free-standing Double Enhancement Claim

On appeal, Davis raises a free-standing claim of trial error based on the use of the convictions under FC-165 to elevate his auto theft conviction to a class C felony and to support the habitual offender allegation, which he claims constituted an impermissible double enhancement. "[M]ost free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata." *Timberlake v. State*, 753 N.E.2d 591, 597-98 (Ind. 2001). "The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute." *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000). "Res judicata mandates that when an appellate court decides a legal issue, both the trial court and the court on appeal are bound by

that determination in any subsequent appeal involving the same case and relatively similar facts." *Saunders v. State*, 794 N.E.2d 523, 527 (Ind. Ct. App. 2003). A post-conviction petitioner cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error. *Ben-Yisrayl*, 738 N.E.2d at 258.

[8] The post-conviction court in this case concluded that Davis's free-standing double enhancement claim is res judicata because it was raised on direct appeal and decided adversely to Davis. Davis argues that his double enhancement claim is not res judicata because his appellate counsel incorrectly argued that the same conviction was used both to enhance the auto theft conviction to a class C felony and to support the habitual offender allegation when, in fact, two different convictions, both charged under FC-165, were used. We note, however, that this court acknowledged appellate counsel's factual error, and concluded that there was no double enhancement under then-prevailing law. Thus, counsel's error did not prevent the court from considering and deciding the double enhancement issue.

[9] Davis also argues that the double enhancement issue he now presents was not decided on direct appeal because the case on which his argument is based, *Dye v. State*, 972 N.E.2d 853 (Ind. 2012), *clarified on reh'g*, 984 N.E.2d 625 (Ind. 2013), was not decided until after his direct appeal was final. Davis makes no argument, however, that *Dye* applies retroactively to this case, nor has he cited any authority for the proposition that subsequent developments in the law undercut the preclusive effect of our prior decisions.

[10] In any event, even assuming that the double enhancement issue is not barred, Davis is not entitled to relief. The post-conviction court concluded that Davis's argument failed on its merits, and we agree. Our Supreme Court has held that a defendant convicted under a progressive penalty statute may not have his sentence further enhanced under the general habitual offender statute by proof of the same felony used to elevate the underlying charge. *See Beldon*, 926 N.E.2d at 483 (citing *Mills v. State*, 868 N.E.2d 446, 452 (Ind. 2007)). More recently, in *Dye*, the court announced that an improper double enhancement also occurs where a defendant is convicted of an elevated charge under a progressive penalty statute and adjudicated a habitual offender by proof of different felonies that are part of the same *res gestae*. 984 N.E.2d at 629-30 (opinion on reh'g). As the court explained, "[a]lthough *res gestae* is a term regularly used in Indiana's common law of evidence to denote facts that are part of the story of a particular crime, it also includes acts that are part of an 'uninterrupted transaction.'" *Id.* at 629 (quoting *Swanson v. State*, 666 N.E.2d 397, 398 (Ind. 1996)). Crimes that are continuous in their purpose and objective are deemed a single uninterrupted transaction. *Id.* The court went on to conclude that the convictions at issue in *Dye*, attempted battery with a deadly weapon and possession of a handgun within 1,000 feet of a school, were part of the same *res gestae* where the offenses both arose out of a single confrontation with a police officer. *Id.* at 629-30.

[11] Relying on *Dye*, Davis argues that he was subjected to an impermissible double enhancement because the auto theft and resisting law enforcement convictions

under FC-165 were part of the same *res gestae*. Davis, however, has failed to carry his burden on this issue. The only evidence presented at the PCR hearing concerning the facts of the offenses charged under FC-165 was the probable cause affidavit, which indicates that on the morning of December 1, 2003, a police officer attempted to make a traffic stop after observing a vehicle disregard a stop sign. The driver, who was later determined to be Davis, drove away at a high rate of speed. After turning into an alley, Davis leapt from the car and fled on foot. The officer gave chase, and subsequently apprehended Davis. An examination of the vehicle Davis had been driving revealed that the steering column had been "peeled." *PCR Exhibit 1*. It was later determined that the vehicle belonged to Chester J. Podkul. On November 30, 2003, Podkul had loaned the vehicle to his son, Donald. When Donald left his home the next morning, he discovered that the vehicle had been stolen. As a result of these events, Davis was charged with, and eventually convicted of, auto theft and two counts of resisting law enforcement.

[12] The fact that the auto theft and resisting law enforcement were charged under the same cause number, standing alone, does not establish that they were part of the same *res gestae*. Nor do we find the fact that Davis used the stolen vehicle to commit resisting law enforcement by fleeing from the police controlling. On the record before us, it is unclear how much time elapsed between the theft of the vehicle and Davis's flight from police, but it could have been several hours. What is clear is that the theft of the vehicle was already complete when the officer attempted to stop Davis for a traffic infraction, and Davis fled. We

reiterate that a post-conviction petitioner bears the burden of establishing his claims for relief by a preponderance of the evidence. Under the facts and circumstances presented here, we cannot conclude that the post-conviction court's finding that Davis failed to do so was clearly erroneous.

## 2. Ineffective Assistance of Appellate Counsel

[13] Davis also argues that his appellate counsel was ineffective for failing to adequately present the double enhancement issue on direct appeal. We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of ineffective assistance of trial counsel. *Henley v. State,* 881 N.E.2d 639, 644 (Ind. 2008). Accordingly, to prevail on his claim, Davis was required to show both that counsel's performance was deficient and that the deficiency resulted in prejudice. *Id.* Deficient performance is "'representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment.'" *State v. McManus*, 868 N.E.2d 778, 790 (Ind. 2007) (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)). Counsel's performance is presumed effective, and a post-conviction petitioner must offer strong and convincing evidence to overcome this presumption. *Ben-Yisrayl*, 729 N.E.2d at 106. "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Timberlake*, 753 N.E.2d at 603.

Because *Dye* was not decided until well after Davis's direct appeal was final, appellate counsel cannot be deemed ineffective for failing to advance the reasoning set forth in that case. *See Bieghler v. State*, 690 N.E.2d 188, 195 (Ind. 1997) (explaining that a court should not find deficient performance for failing to adequately present issues "when the advancement of those issues would have required advocacy of a new adjudicatory standard or reasoning that would have been novel at the time of appellant's appeal"). Additionally, appellate counsel cannot be said to have been ineffective for failing to advance an issue on appeal that would ultimately have been unsuccessful. *See Bieghler v. State*, 690 N.E.2d 188, 194 (Ind. 1997) (explaining that a post-conviction petitioner arguing ineffective assistance of appellate counsel must establish a reasonable probability that, but for counsel's unprofessional errors, the outcome of the appeal would have been different). Because Davis has not established that he was subject to an improper double enhancement, he has likewise failed to establish that his appellate counsel was ineffective for failing to adequately present the double enhancement issue on direct appeal. For all of these reasons, Davis has not established that the post-conviction court erred in denying his PCR petition.

Judgment affirmed.

Riley, J. and Brown, J., concur.