## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2016, 8:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shaun L. Steele,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 15, 2016

Court of Appeals Cause No.
20A03-1604-CR-889

Appeal from the Elkhart Superior Court

The Honorable Stephen Bowers, Judge

Trial Court Cause No.
20D02-1007-FC-60

**Barnes, Judge.**

# Case Summary

Shaun Steele appeals the enhancement of his sentence pursuant to his status as an habitual offender. We affirm.

# Issue

Steele raises one issue, which we restate as whether the trial court properly enhanced his sentence based on his status as an habitual offender after his conviction was enhanced from a Class D felony to a Class C felony pursuant to a progressive sentencing statute.

# Facts

The facts as stated in the appeal of Steele's petition for post-conviction relief follow:

> [O]n July 6, 2010, Steele drove a truck that he knew was stolen. An officer attempted to stop the vehicle, and Steele leaped from the vehicle and ran around a building. He then jumped back into the truck and drove away. As a result of these events, Steele was charged with resisting law enforcement as a class D felony, operating a vehicle while intoxicated (OWI), a class A misdemeanor, and receiving stolen property as a class C felony, which was enhanced under Ind. Code Ann. § 35-43-4-2.5 (West, Westlaw current with all 2012 legislation) from a class D felony by virtue of a previous conviction of auto theft. He was also alleged to be a habitual offender.
>
> Steele eventually entered a plea of guilty to all of the charges and admitting to being a habitual offender. Sentencing was left to the trial court's discretion. As part of his guilty plea to the charge of receiving stolen property as a class C felony, Steele admitted he

had an unrelated prior conviction of auto theft on May 20, 2009, under cause number 20D05-0804-FD-119 (FD-119). He also admitted he was previously convicted of the felonies of robbery (in 1998) under cause number 20D01-9807-CF-152 (CF-152) and escape (in 2002) under cause number 37C01-0205-FA-241 (FD-241).

The court sentenced Steele to eight years for the receiving stolen property conviction and enhanced that sentence by an additional eight years by virtue of his status as a habitual offender. Those sentences were to be served consecutively with the concurrent sentences of two years for resisting law enforcement and one year for operating a vehicle while intoxicated. On April 6, 2011, Steele filed a PCR petition alleging, among other things, that trial counsel was ineffective for not challenging an improper double enhancement. The trial court granted his petition on October 13, 2011 on the aforementioned double-jeopardy grounds.

*State v. Steele*, No. 20A03-1111-PC-502, slip op. at 2-4 (Ind. Ct. App. Oct. 18, 2012) (footnotes omitted).

[4] The State appealed the post-conviction court's grant of Steele's petition for post-conviction relief. The State contended the post-conviction court erred by "concluding that Steele received ineffective assistance of counsel in that counsel failed to challenge the habitual-offender enhancement of Steele's conviction for receiving stolen property, which itself was already enhanced from a class D to a class C felony under a progressive penalty statute, thus constituting an impermissible double enhancement." *Id.* at 5. We agreed with the State and reversed the post-conviction court's decision as follows:

The essence of Steele's claim in this respect was that counsel should have objected to the sentence on grounds that it violated the rule against double enhancements. The specific claim was that a trial court may not add a general habitual offender enhancement to a sentence that already has been enhanced under a progressive enhancement statute such as the one under which Steele was convicted, i.e., I.C. § 35-43-4-2.5. Although this is not a scenario in which counsel is required, or even expected, to lodge an objection, *see Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006) ("[c]ounsel need not object to preserve a sentencing error for review"), we will proceed on the assumption that the deficient performance consisted of not pointing out to the court when the sentence was pronounced that it violated the prohibition against double enhancements, or something to that effect. In such case, Steele was required to show that counsel's claim of error would have been correct. *See West v. State*, 938 N.E.2d 305, 310 (Ind. Ct. App. 2010), *trans. denied* ("[w]hen an ineffective assistance of counsel claim is based on the failure to make an objection, the petitioner must show that a proper objection would have been sustained by the trial court"). Steele cannot meet this requirement.

Steele was sentenced on October 14, 2010. This was approximately two weeks after this court handed down *Davis v. State*, 935 N.E.2d 1215 (Ind. Ct. App. 2010), *trans. denied*. In *Davis*, the defendant was convicted of auto theft, which was enhanced from a class D to a class C felony because of a previous auto-theft conviction. He was also determined to be a habitual offender, by virtue of which the trial court enhanced his auto theft conviction. It was uncontroverted that the prior auto-theft felony that served to enhance his auto-theft conviction was not used as a predicate offense for the habitual offender determination. The defendant complained upon appeal that this constituted an impermissible double enhancement. The situation in *Davis* was virtually the same as that in the present case and thus the holding in that case is equally applicable here:

Davis contends that the trial court erred in using the 2001 auto theft conviction (FC-165) to enhance both the conviction for auto theft and his habitual offender sentence. A court may not use the same prior conviction to enhance a felony under both the progressive penalty and general habitual offender statutes. *Beldon v. State*, 926 N.E.2d 480, 482-84 (Ind. 2010). Here, however, the trial court enhanced the auto theft conviction from a D to C felony by using the prior auto theft conviction (FC-165), while it used the stipulated offenses of a resisting law enforcement conviction (FC-165) and a 2001 auto theft conviction (DF-142) to enhance under the general habitual offender statute. The trial court did not violate the prohibition of *Beldon* as it did not use the same conviction to enhance under both the progressive enhancement and habitual offender statutes.

*Davis v. State*, 935 N.E.2d at 1218.

This was the law at the time Steele's sentence was imposed and Steele's sentence was perfectly consistent with it. Obviously, Steele's counsel did not render deficient performance in failing to register an objection to a sentence that was lawful at the time. *See Sweeney v. State*, 886 N.E.2d 1, 8 (Ind. Ct. App. 2008) ("[f]or purposes of ineffective assistance of counsel claims, the law requires consideration of legal precedent available to counsel at the time of his representation of the accused, and counsel will not be deemed ineffective for not anticipating or initiating changes in the law"), *trans. denied, cert. denied*, 555 U.S. 1003. Therefore, the State's challenge to this ruling has merit. Steele did not receive ineffective assistance of counsel with respect to the issue of double enhancement and the trial court committed clear error in granting Steele's petition on this issue.

*Id.* at 7-9.

[5] On remand, the trial court resentenced Steele to eight years on the Class C felony enhanced by eight years for the habitual offender status with four years suspended to probation. That sentence was to be served consecutively with the concurrent sentences of two years for resisting law enforcement and one year for operating a vehicle while intoxicated, for an aggregate sentence of eighteen years with four years suspended. In 2016, the trial court granted Steele permission to file a belated appeal.

## Analysis

[6] On appeal, Steele argues that the trial court erred by applying the habitual offender enhancement because the underlying Class C felony "had already been enhanced pursuant to a progressive sentencing statute." Appellant's Br. p. 1. The State argues that this issue was previously decided in Steele's post-conviction proceeding, and the doctrine of res judicata precludes review of the argument.

[7] The doctrine of res judicata bars a later suit when an earlier suit resulted in a final judgment on the merits, was based on proper jurisdiction, and involved the same cause of action and the same parties as the later suit. *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute. *Id.* As a general rule, when a reviewing court decides an issue on direct appeal, the doctrine of res judicata applies, thereby precluding its review in post-conviction

proceedings. *Id.* A petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error. *Id.* "'[W]here an issue, although differently designated, was previously considered and determined upon a criminal defendant's direct appeal, the State may defend against defendant's post-conviction relief petition on grounds of prior adjudication or res judicata.'" *Id.* (quoting *Cambridge v. State*, 468 N.E.2d 1047, 1049 (Ind. 1984)).

[8] Just as a post-conviction petitioner cannot raise an issue that was previously decided on direct appeal, in this circumstance, Steele cannot raise an issue on direct appeal that was previously decided in his post-conviction proceeding. In his post-conviction proceeding, we rejected Steele's argument that he was subjected to an impermissible double enhancement, and he makes the same argument here. His argument is barred by res judicata.

[9] Steele erroneously contends that his argument is different than that presented in the post-conviction proceeding. In support of this argument he relies upon *Downey v. State*, 770 N.E.2d 794 (Ind. 2002), and *Dye v. State*, 972 N.E.2d 853 (Ind. 2012). Steele argues that if he had been "sentenced after the *Dye* decision, no question exists that the trial court would have been prohibited from enhancing the conviction that was enhanced." Appellant's Br. p. 3. In *Dye*, our supreme court held that a defendant's conviction for Class B felony unlawful possession of a firearm by a serious violent felon and enhancement for his status as an habitual offender constituted an impermissible double enhancement. *Dye*, 972 N.E.2d at 858. However, Steele fails to mention that, on rehearing, our

supreme court clarified its holding in *Dye*. *See Dye v. State*, 984 N.E.2d 625 (2013). The court reaffirmed that "a person convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the person was a 'serious violent felon.'" *Id.* at 628. The State was not permitted "to support Dye's habitual offender finding with a conviction that arose out of the same res gestae that was the source of the conviction used to prove Dye was a serious violent felon." *Id.* at 630.

[10] Even under *Dye*, as clarified, Steele is not entitled to relief. Steele makes no argument that his auto theft conviction was enhanced by proof of the same felony used to establish is status as an habitual offender. Steele also makes no argument that his habitual offender status arose out of the same res gestae that was the source of the conviction used to enhance his auto theft conviction. In fact, the charging informations reveal that his auto theft conviction was enhanced due to a 2009 auto theft conviction and his habitual offender status was based on a 1998 robbery conviction and a 2002 escape conviction. Steele's argument fails.

## Conclusion

[11] Steele's argument is barred by res judicata and, even if it was not barred, Steele's status as an habitual offender does not violate our supreme court's opinion in *Dye*. We affirm.

[12] Affirmed.

Riley, J., and Bailey, J., concur.