## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 15 2020, 5:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Sean C. Mullins | Myriam Serrano |
| Appellate Public Defender | Deputy Attorney General |
| Crown Point, Indiana | Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Freddie Allen Forsythe, Jr., | June 15, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-2956 |
| v. | Appeal from the Lake Superior Court |
| State of Indiana, | The Honorable Salvador Vasquez, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 45G01-1803-F5-25 |

**Najam, Judge.**

## Statement of the Case

[1] Freddie Allen Forsythe, Jr. appeals his convictions for possession of child pornography, as a Level 5 felony; possession of child pornography, as a Level 6

felony; and his adjudication as a repeat sexual offender following a jury trial. He presents two issues for our review, which we consolidate and restate as whether the trial court abused its discretion when it admitted evidence at trial. We affirm.

## Facts and Procedural History

On May 15, 2017, Indiana State Police Detective Tracy Kunstek received a tip from the National Center for Missing and Exploited Children that a Google account registered under Forsythe's name had been used to obtain an image that depicted child pornography. After Detective Kunstek's additional investigation revealed that Forsythe's home address corresponded with the IP address associated with the tip, Detective Kunstek obtained a search warrant for the home. On December 7, Detective Kunstek and other officers executed the search warrant at Forsythe's home that he shared with his mother, Jacy Frangello. Officers located several electronic devices, including three cell phones, which they took to forensic vehicles parked outside of the home.

Inside one of the forensic vehicles, Indiana State Police Sergeant Scott Krueger "triaged" an LG cell phone found in Forsythe's house ("LG phone"). Tr. Vol. 3 at 59. When Sergeant Krueger was unable to get the phone to turn on, he used "an extraction method" to get the data from the phone. *Id.* at 62. Sergeant Krueger found that the cell phone was linked to Forsythe's Google and Facebook accounts, and he retrieved an internet search history from December 2016 that included the following terms: "Sweet Jasmina 10 years," "Sweet Young Preteen Avery," "Girls—little sweet 1," "Girls—little sweet 5,"

"sexy preteens," "hot tweens," and "pedophilia." State's Exs. 114A, 115A, 117A, 121A, 123A. Sergeant Krueger also found several images depicting child pornography on the phone.

[4] Indiana State Police Detective Alva Whited, who was working in another forensic vehicle outside Forsythe's home, examined two ZTE cell phones found inside the home. Detective Whited was unable to extract any data from one of the phones but determined that the second ZTE phone belonged to Forsythe ("ZTE phone"). Detective Whited extracted data from that phone and found an internet search history from May 2017 that included the following terms: "8-15 naked," "ultra young," "3 to 14yo Video Sets," "XXX Preteen Gallery," "13yr Models," and "11 y.o. Models." State's Ex. 128. Detective Whited also found fifty-eight saved images on the phone depicting child pornography.

[5] The State charged Forsythe with two counts of possession of child pornography, one as a Level 5 felony and the other as a Level 6 felony. The State also charged Forsythe with being a repeat sexual offender. Prior to trial, Forsythe moved to suppress the evidence seized from his home. The trial court denied that motion following a hearing. Thereafter, Forsythe filed a motion in limine seeking to exclude any evidence of his internet search history. The trial court granted that motion in part with respect to internet searches related to pornography, generally, but denied that motion with respect to internet searches specifically related to child pornography. A jury found Forsythe guilty as charged. The trial court entered judgment of conviction accordingly and

sentenced Forsythe to an aggregate eight-year term, with five years executed and three years suspended to probation. This appeal ensued.

# Discussion and Decision

Forsythe contends that the trial court abused its discretion when it admitted into evidence at trial the LG and ZTE cell phones and his internet search history. As our Supreme Court has stated:

> Generally, a trial court's ruling on the admission of evidence is accorded a great deal of deference on appeal. Because the trial court is best able to weigh the evidence and assess witness credibility, we review its rulings on admissibility for abuse of discretion and only reverse if a ruling is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights.

*Hall v. State*, 36 N.E.3d 459, 466 (Ind. 2015). We address each of Forsythe's contentions in turn.

### *Cell Phones*

Forsythe first contends that the trial court abused its discretion when it admitted into evidence the cell phones because the State did not establish a proper chain of custody for the phones. As our Supreme Court has held,

> [t]o establish a proper chain of custody, the State must give reasonable assurances that the evidence remained in an undisturbed condition. *Cliver v. State*, 666 N.E.2d 59, 63 (Ind. 1996). However, the State need not establish a perfect chain of custody, and once the State "strongly suggests" the exact whereabouts of the evidence, any gaps go to the weight of the

evidence and not to admissibility. *Wrinkles v. State*, 690 N.E.2d 1156, 1160 (Ind. 1997); *Jenkins v. State*, 627 N.E.2d 789, 793 (Ind. 1993) (noting that failure of FBI technician to testify did not create error). Moreover, there is a presumption of regularity in the handling of evidence by officers, and there is a presumption that officers exercise due care in handling their duties. *Wrinkles*, 690 N.E.2d at 1160. . . . To mount a successful challenge to the chain of custody, one must present evidence that does more than raise a mere possibility that the evidence may have been tampered with. *Cliver*, 666 N.E.2d at 63.

*Troxell v. State*, 778 N.E.2d 811, 814 (Ind. 2002).

[8] Forsythe maintains that the State did not establish "the initial link" in the chain of custody for the phones because it did not present testimony from the officers who found the phones inside his home and took them outside to the forensic vehicles for triage. Appellant's Br. at 14. Detective Kunstek testified that officers found one phone in Forsythe's bedroom and the two other phones in Frangello's bedroom, but that he had not recovered any of the phones personally. Forsythe asserts that, absent testimony "as to the actual recovery of the phones, there is at most an inference that the phones brought to the forensic vehicle were found within the home," which inference is insufficient to show the chain of custody beyond a reasonable doubt. *Id.* at 15. We cannot agree.

[9] In *Espinoza v. State*, the defendant challenged the chain of custody for drugs presented at his trial. 859 N.E.2d 375, 381 (Ind. Ct. App. 2006). Indiana State Police Detective Larry Mote testified that a DEA agent in Yakima, Washington had intercepted a package containing drugs to be mailed to an address in

Logansport, Indiana, and he mailed the package to Detective Mote. After Detective Mote tested the drugs, he repackaged them and put a transmitter inside the package before delivery to the defendant, who was later arrested. On appeal following his conviction, this Court held that a sufficient chain of custody was established despite the lack of testimony by the DEA agent who had originally intercepted the package. Citing *Troxell*, we held that, "[a]lthough no evidence was presented regarding how the Package came into the possession of the DEA in Washington, we presume that the officers in Washington exercised due care in handling their duties." *Id.* at 382. And we noted that the defendant did not present evidence that raised more than a mere possibility that the evidence may have been tampered with. *Id.* at 383.

[10] Likewise, here, we presume that the officers who found the cell phones inside Forsythe's house and immediately delivered them to officers in the forensic vehicles waiting outside exercised due care in handling their duties. *See id.* And Forsythe does not direct us to any evidence to indicate more than a mere possibility that the phones may have been tampered with. *See id.* The State established a sufficient chain of custody for the phones, and the trial court did not abuse its discretion when it admitted the phones into evidence at trial.

### *Internet Search History*

[11] Forsythe next contends that the trial court abused its discretion when it admitted his internet search history into evidence. Forsythe maintains that, when the trial court admitted that evidence over his objection, the court improperly relied on "the defunct doctrine of *res gestae*." Appellant's Br. at 12.

And he asserts that, in any event, the evidence was inadmissible under Evidence Rule 403. We cannot agree.

## *Res Gestae*

As our Supreme Court has explained, "*[r]es gestae*—the common-law doctrine that made evidence admissible as part of a crime's story—did not survive the adoption of Indiana's Rules of Evidence in 1994. That is, *res gestae* is no longer a proper basis for admitting evidence; instead, admissibility is determined under Indiana's Rules of Evidence." *Snow v. State*, 77 N.E.3d 173, 176 (Ind. 2017). The Court then held that,

> [u]nder *Swanson*[ *v. State*, 666 N.E.2d 397, 398 (Ind. 1996)] and our Rules of Evidence . . . , the many flavors of *res gestae*— "inextricably bound up," "inextricably intertwined," "circumstances and context," and "part and parcel," to name a few—are not proper grounds for admissibility. . . . We thus disapprove of the "inextricably bound up" standard. . . .

*Id.* at 177.

Here, at trial, when the State moved to admit five exhibits depicting Forsythe's internet search history, Forsythe objected based on relevance and lack of foundation. The trial court ruled that the foundation for each exhibit was sufficient. With respect to relevance, the court stated:

> But there is probative value, as I see it. And although I think they may be to some extent prejudicial, I think the probative value is great because these images are *intrinsic to the nature of this investigation that forms this charge*. Under Rule 403, I do not

believe that the prejudice involved substantially outweighs the probative value, as I see it. . . .

Tr. Vol. 3 at 67 (emphasis added). On appeal, Forsythe asserts that, "[b]ased upon the language used by the trial court, there is no question that it improperly relied on *res gestae* in admitting the search history evidence." Appellant's Br. at 10.

[14] However, in *Swanson*, our Supreme Court stated that it "fully expect[ed] that the great majority of the evidence we formerly admitted by calling it *res gestae* will continue to be admitted in Indiana courts. It will be admitted, however, by reference to the legal concepts and vocabulary of the Indiana Rules of Evidence." 666 N.E.2d at 399. Here, while the trial court's reference to the "intrinsic" value of the evidence as it related to the investigation might suggest *res gestae*, the court explicitly admitted the evidence under Evidence Rule 403. Thus, we cannot say that the trial court impermissibly relied on *res gestae* in admitting the evidence.

### *Evidence Rule 403*

[15] Still, Forsythe contends that his internet search history was inadmissible under Indiana Evidence Rule 403, which permits a trial court to exclude relevant evidence if its probative value is substantially outweighed by a danger of prejudice. Forsythe asserts that the probative value of the search history "is minimal and is thus substantially outweighed by its significant prejudice and misleading nature." Appellant's Br. at 11. Forsythe points out that the State

did not present evidence connecting the internet search terms with any photographs admitted into evidence at trial. Thus, he maintains that "the exhibits do little to prove th[e] actual issue in question of whether [he] possessed the pictures." *Id.* We cannot agree.

[16] Our Supreme Court has explained that "[e]vidence is relevant when it has any tendency to prove or disprove a consequential fact. This liberal standard for relevancy sets a low bar, and the trial court enjoys wide discretion in deciding whether that bar is cleared." *Snow*, 77 N.E.3d at 177 (citations omitted). And "'[w]hen determining the likely unfair prejudicial impact, courts will look for the dangers that the jury will (1) substantially overestimate the value of the evidence or (2) that the evidence will arouse or inflame the passions or sympathies of the jury.'" *Myers v. State*, 33 N.E.3d 1077, 1109 (Ind. Ct. App. 2015) (quoting *Duvall v. State*, 978 N.E.2d 417, 428 (Ind. Ct. App. 2012), *trans. denied*), *trans. denied*.

[17] Here, Forsythe's search history shows that he was intentionally looking for child pornography. The relevance to the charges is clear. And Forsythe has not shown that the danger of unfair prejudice outweighed the relevance. The State admitted into evidence scores of images of child pornography obtained from Forsythe's cell phones. In light of that evidence, it is not likely that the jury overestimated the value of the search history or that those search terms inflamed the passions of the jury. *See id.* The trial court did not abuse its discretion when it admitted into evidence Forsythe's internet search history.

[18]     Affirmed.

Kirsch, J., and Brown, J., concur.